The judgment was affirmed upon the ground stated in the court below by the late Chief Justice OAKLEY, as follows:
This action is brought against the Board of Health co nomine,
treating them as a corporate body. The first question which arises is, is this board such a corporation. A very extended argument was gone into on both sides, as to the character, power and duties of the board. It is an old institution, but it received a separate and distinct organization by the Revised Statutes of 1830. Under this the common council had the power of appointing the members of the board, and by an ordinance for that purpose it was declared that it should be composed of the aldermen and assistant aldermen of the city. We cannot find that this board is anywhere created a corporation by express terms of law, nor can we perceive that it has any of the features of a corporate body. It has no succession — no seal and no funds. It is organized by the city corporation *Page 411 
under the laws of the state, and may be changed as to its number at the pleasure of the common council.
The counsel for the plaintiff has pressed upon our notice a class of cases, under which, it is contended, this board may be considered as a quasi corporation; and it has been likened to the cases in which suits have been brought by and against overseers of the poor. But in all such cases the actions are instituted against the individuals themselves, describing them by their name of office, and not against them as a corporate body. We also are referred to a section of the statute, the purport of which is that no action brought by the Board of Health, and by overseers of the poor, shall abate by reason of the death of any one of its members; and it is said that if the board can sue, it is to be inferred that the legislature clearly contemplated they could also be sued. We think this clause of the statute is misunderstood. If it were intended to authorize the board to sue as a corporation, in its corporate name, the provision that a suit should not abate by the death of any one of its members is entirely senseless and unmeaning. That can only apply to actions brought in the names of the individuals composing the board, and in this respect the board is like the overseers of the poor who must always sue in their individual names. Our conclusion is, therefore, that no action can lie against the board as a corporate body.
The judgment must be reversed and the complaint dismissed.
All the judges concurring.
Judgment affirmed. *Page 412