THE PEOPLE *ex rel.* William Gorman *vs.* THE BOARD OF
POLICE OF THE METROPOLITAN POLICE DISTRICT.

The relator applied for a writ of mandamus to compel the board of police of
the metropolitan police district to restore him to the office of patrolman of
the police force, and permit him to exercise the same and to take the profits
and salary thereof. The board resisted the application, on the grounds:
1st. That the relator refused to take or hold office, and never had taken or
held office, under the police law of April, 1857, or under the board thereby
created. 2d. That on the 23d of April, 1857, the relator withdrew from the
force established under that law, and disclaimed holding any office or doing
any duty as a member of the new police force. 3d. That since the passage
of the new police law, on the 15th of April, 1857, the relator had, for his
private gain, entered into other employments, in nowise connected with,
but inconsistent with, his duties as a member of the new police force, &c.
The issues were tried by a jury at the circuit, who found, as legal conclu-
sions from the facts, as follows: As to the first answer or plea, they found
that the relator refused to take or hold office, and never had taken or held
office, under the new act, or under the board thereby created. As to the
second answer or plea, they found that the relator never having been a
member of, did not withdraw from, the police force organized under the new
act. As to the third answer or plea, the jury found that since the passage
· of the act of April 15, 1857, the relator had, for his private gain, entered
into other employments, in nowise connected with, and not as a member of
the police force, and had received large profits therefrom.
*Held* that none of the conclusions or facts found by the jury constituted any
defense against the right of the relator to be restored to the office which he
claimed; and a writ of mandamus was ordered to be issued.

APPEAL from an order made at a special term, denying a
motion for a peremptory mandamus.

*Beebe, Dean & Donohue,* for the relator.

*Brown, Hall & Vanderpoel,* for the respondents.

LEONARD, J. The relator was a member of the police
force of the city of New York on the 15th of April, 1857,
when the act of the legislature was passed to establish the
metropolitan police district, &c.

The 32d section of that act continued the then existing

officers and patrolmen in the performance of police duty under the new board thereby created. The duties and purposes of the new force were precisely the same as those of the old. No oath or acceptance of office were required, on the part of the old force, to constitute them members of the new. The old officers continued or remained in office, under the new law and under the new board, by virtue of the act of the legislature. (*The People ex rel. McCune* v. *The Board of Police, &c.*, 19 *N. Y. Rep.* 188.)

The seventh section of the act of 1857 directs, that no member of the force shall be removed except upon written charges, after an opportunity of being heard in his defense before the board of police. This provision applies to those officers who were continued in office from the old force, as well as to those subsequently appointed.

It is not claimed or alleged, on the part of the defendants, that the relator was ever removed from office. The board of police resist the application for the writ of mandamus to compel the restoration of the relator to office, of which he alleges that he has by them been unlawfully deprived, on several grounds which have been set forth in the answer or plea interposed by the board of police, and have been submitted to a jury, in the very language of the pleading, as questions for them to answer.

These grounds, so far as it is now necessary to refer to them, are substantially the following: 1st. That the relator refused to take or hold office, and never has taken or held office under the new police law or under the board thereby created. 2d. That on the 23d of April, 1857, the relator withdrew from the force established under that law, and disclaimed holding any office or doing any duty as a member of the new police force. 3d. That since the passage of the new police law on the 15th April, 1857, the relator has, for his private gain, entered into other employments, in nowise connected with, but inconsistent with his duties as a member of the new police force, and has received large profits therefor.

The answers or pleas were tried before a circuit court, and the jury found thereon, not the facts which were in evidence before them, but, as it seems, the legal conclusions to which they came from those facts, in the language almost of the pleadings interposed by the defendants.

As to the first answer or plea above referred to, the jury say that the relator refused to take or hold office, and never has taken or held office under the new act or under the board thereby created.

As to the second answer or plea, the jury say that the relator never having been a member of, did not withdraw from, the police force organized under the new act, as he could not withdraw from an office never accepted.

As to the third answer or plea, the jury say that since the passage of the act of April 15th, 1857, the relator has, for his private gain, entered into other employments, in nowise connected with, and not as a member of the police force, and has received large profits therefor.

These are the grounds upon which the board of police now insist that the relator is not unlawfully deprived of his office as a member of the police force under them.

If the relator had been appointed by the new board, and upon being notified, or having learned of his appointment, had refused to take or hold office, such refusal would be conclusive against his right to the writ of mandamus here demanded.

But he was not appointed by the defendants, the new board of police. He was continued in the performance of his duty as a policeman under the new act and under the new board, by a higher power than themselves, the legislature of the state, from which authority the new board alone derive the power they possess. It stands undisputed that the relator was in office lawfully on the 15th of April, 1857, when the new law was passed, and also on the 23d of April, 1857, when the new board were organized and held their first meeting.

The court of appeals has long ago decided, in the case of

McCune, that no act of acceptance or induction was necessary to a complete title to office on the part of the old force, under the board of police newly organized. The new board conferred no office on the relator, nor did he accept any from them. The legislature of the state had already settled the rights of the relator. It is wholly inapplicable to the case to allege as a defense, that the relator refused to take or hold that which he had before taken, and then held, at the time the new board was organized.

The court of appeals, in the case of McCune, also held that it was no evidence of a resignation or abdication of office for a member of the old police force to refuse to recognize the validity of the new act, or the board of police constituted thereby, prior to the 3d day of July, 1857, or up to the time when that tribunal pronounced the new law to be valid, in the case of *The People* v. *Draper and others,* (*reported* 15 *N. Y. Rep.* 532.) Up to that time the old police force, or the principal part of them, continued to perform police duty under their old officers, and refused to acknowledge the authority of the new board of police, constituted under the act of 15th April, 1857. Those persons holding office April 15th, 1857, were set in authority over the old police force by virtue of the police act of 1853, and held the police stations, and all the muniments of their positions as a board of commissioners, chief of police, captains, &c. and the power of discipline held the men in the force occupying subordinate stations, to the performance of police duty under them, until the court of appeals had pronounced upon the validity of the new act. The most eminent legal authority in the state differed as to the validity of that act. The members of the court of last resort divided in pronouncing judgment on that question. The subordinates of the old police force were not required to be wiser than those great luminaries of the law. Their refusal to acknowledge the new board of police was not ascribed to them by the court of appeals as their own act, but as the act of those who held

authority over them; and for these reasons, among others, the court of appeals held the conduct of the old force, up to the 3d of July, 1857, as not constituting any resignation or abdication of office.

The very terms of the answer now under consideration imply that the new board were understood to confer office on the relator, or to offer to do so, and that it was incumbent upon him to accept or refuse. Such a view is a mistaken one. If the relator was in office for a single moment under the new board, the term or expression "that he refused to take or hold office," as used in the answer, is wholly inconsistent with the fact that he was in office by virtue of the new law. If, after that, the office of the relator became vacant by his own act, it must have arisen from his resignation or abdication, or from some other act rendering his title to the office void.

Every construction and intendment in regard to a pleading is to be taken most strongly against the pleader. He must be held to have stated his case in the most favorable manner for himself. In this case the board of police do not allege that the relator resigned, or abdicated, or that his title to office was void by reason of any act which the pleadings allege, unless the matters above referred to as the third ground of defense constitute such a claim. We are not at liberty, therefore, to presume that there was any resignation or abdication of office by the relator, or that his title is void by act of his own.

The second ground of defense, above referred to, was found by the jury adversely to the board of police. The jury say that the relator did not withdraw from the new force. They add their argument for this conclusion, and further say that the relator, never having been a member of the new force, could not withdraw from an office which he had never accepted.

It has already been shown that the relator was not required to manifest any acceptance of the office; that the act of 1857

plainly continues him in the performance of duty as a policeman, and that the court of last resort have so decided.

The argument here given by the jury affords the key to their former conclusion. The jury find that the relator was not a member of, and did not withdraw from, the new force, because he never accepted office in it; and the same reasoning, perhaps, led them to the conclusion that he refused to take or hold office under the new board. It seems probable that the jury inferred that the relator refused to take office, because he did not at or immediately after the organization of the new board, on the 23d of April, 1857, manifest his acceptance, and probably acted, as nearly all of the old force did, under the direction of the former and in hostility to the new board.

Leaving out of view the argument of the jury, which it was not their province to give, but confining their answer now under consideration to its legitimate scope, they have found that the relator did not, upon the first meeting of the new board on the 23d of April, 1857, withdraw from the police force established under the act of April 15, 1857.

The jury omit to find whether, as alleged in the answer of the defendants, the relator disclaimed holding any office or doing any duty as a member of the police force, under the authority of the new board. This fact is worthy merely of a passing observation—that a most important issue has been omitted from the consideration of the jury.

In dismissing the further consideration of the second conclusion found by the jury, as above mentioned, it may be stated that there is nothing found therein adverse to the relator, or favorable for the defense.

The remaining subject concerns the effect which the entering upon other employments by the relator, not connected with his duty as a member of the police force, for his private gain, has upon the relator's rights in this proceeding.

Here, again, the jury have omitted to find whether, as alleged by the defendants' answer, such employments were

inconsistent with the duties of the relator as a member of the police. Suffice it to say, that no authority has been found for holding the relator's title to his office under the new board void by reason of his entering upon other employment. The facts might perhaps warrant the board of police in putting the relator on trial for neglect of duty, when, if found guilty, the measure of punishment would, in some degree, be within their discretion.

The jury have omitted to find what was the nature of the employment upon which the relator entered, or the time when he was engaged in it. If the employment was subsequent to the time when the board of police, as now organized, excluded the relator from office, it was no neglect of duty on his part to engage in other honorable employment, and would not be a proper ground for removal. If the employment was before the 3d of July, 1857, and consisted in remaining in the service of the old board of police, it was not a ground of complaint by the new, as has been decided in the case of *McCune* before referred to.

Whether, therefore, if the case were brought before the board of police on written charges against the relator for neglect of duty, or insubordination, on the evidence adduced before the jury herein, that board would think proper to remove him, it would now be impossible for this court to determine. Conceding, therefore, the principle that in a case where clear grounds exist for the removal of an officer, this court would not grant its writ of mandamus to restore him, even when excluded without due course of law, I am of the opinion that no case is here presented for the application of such principle.

Upon the whole case, I am of the opinion that the first finding of the jury above stated is inconsistent with the requirements of the act of April 15, 1857, and with the decision of the court of appeals in *McCune's* case, and is not material to the determination of this proceeding.

That none of the conclusions or facts found by the jury constitute any defense against the right of the relator to be

restored to the office which he claims.    That the relator continued in office when the new board of police (the present defendants) came into office, and when they organized under the act of April 15, 1857.    That there could be no refusal to take or hold office afterwards, because that would then amount to a resignation or abdication of office, and no such defense has been alleged in the pleadings, or found by the jury.    That the court are not at liberty to intend or hold that the conclusion found by the jury amounts to evidence of resignation or abdication, for the same reasons last mentioned ; and also, because the facts upon which the jury base their conclusion in this respect have not been found by them, and their said finding is a mixed conclusion of law and fact, whereby the court are deprived of the means of applying the law to the facts alone ; because, also, there is much cause to doubt that such intendment would be in conformity with a just and lawful judgment herein, if the real facts, upon which the jury based their conclusion, were now before the court.

The writ of mandamus must issue to restore the relator to office, and permit him to perform the duties and take the salary thereof.

CLERKE, P. J. concurred.

MULLIN, J. (dissenting.)    The only difference between this and the case of TITUS (*a*) is, that it is not found in this case, that the relator performed any service as policeman after the passage of the act of April 15, 1857.    If I am right in my conclusions in the case of Titus, this difference in the findings cannot weaken their force, but on the contrary gives them additional force.

I am therefore of the opinion that judgment should be given for the defendant, on the verdict, with costs.

Mandamus granted.

(*a*) Post, p. 535.

[NEW YORK GENERAL TERM, November 18, 1861. *Clerke, Leonard* and *Mullin,* Justices.]