MICHAEL SULLIVAN, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellants.

It is within the subject of the annual tax-levy act for the city of New York, to limit expenditure, that it may not exceed the levy, as much as it is to levy enough that it may come up to the legitimate expenditure.

The provision therefore of the tax-levy act for 1869 (§ 11, chap. 876, Laws of 1869), which restricts expenditure by prohibiting the common council from creating new offices is embraced within the subject expressed in the title, and is constitutional.

The position of janitor of a district court of said city is not an office. The janitor is simply an employe or attendant of the court; and the common council are not prohibited by said provision from authorizing said courts to appoint such an attendant.

But if an office, as said courts have had attendants to perform the same duties, prior to the passage of that act, the authorization to appoint to that labor by a new name is not the creation of a new office.

(Argued October 3, 1873 ; decided October 10, 1873.)

THIS action was brought by plaintiff to recover his salary as janitor of the sixth district court of the city of New York.

On the 15th March, 1870, a resolution was adopted by the common council, authorizing the justices of each of the police and district courts to appoint a janitor at an annual salary of $1,500. On the 16th March, 1870, plaintiff was appointed janitor for the sixth district court, and performed the duties assigned to him as such. Upon proof of these facts upon the

trial, defendant's counsel moved for a dismissal of the complaint, upon the ground, among others, that the common council were prohibited by section 11 of chapter 876, Laws of 1869 (the tax-levy act), from creating the office of janitor. That section prohibits the common council from creating any new office or department. The court granted the motion and dis missed the complaint.

Exceptions were ordered to be heard, at first instance, at General Term. The General Term ordered judgment for plaintiff. *Held* as above, the court citing *Huber* v. *The People* (49 N. Y., 132), *In re Astor* (50 id., 363), and *The People ex rel.* v. *Crooks* (*ante*, p. 648).

*D. J. Dean* for the appellant.

*A. R. Lawrence, Jr.*, for respondent.

Folger, J., reads for affirmance.
All concur.
Judgment affirmed.