WILLIAM COSTELLO, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellants.

The duties of a clerk of the governing body of a municipality are official in their character, and a resolution of the common council of the city of New York authorizing the appointment by its clerk of an additional clerk is within the provision of the act of 1869 (§ 11, chap. 876, Laws of 1869), prohibiting the common council from creating new offices.

*Sullivan* v. *The Mayor, etc.* (53 N. Y., 652; S. C., 47 How. Pr., 491) distinguished.

The power, however, to make such an appointment when so authorized is given by the amended charter of 1857 (§ 36, chap. 446, Laws of 1857), and the authority conferred by that act was not repealed or modified by the act of 1869.

Accordingly, *held*, that a resolution of the common council authorizing the clerk to appoint an additional clerk, to index the proceedings of the board of aldermen, and an appointment thereunder, was valid, as was also the fixing of the salary by reference to that of another officer; the salary being that then paid to the officer named.

(Argued September 27, 1875; decided October 5, 1875.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, affirming a judgment in favor of plaintiff entered upon a decision of the court upon trial without a jury.

This action was brought to recover a balance alleged to be due plaintiff upon his salary as general clerk of the board of aldermen.

A resolution was adopted December 27, 1869, by both boards of the common council, authorizing and directing the

clerk of the common council " to appoint an additional clerk
to the board of aldermen who shall be known as the general
clerk, whose duties shall be to index all the proceedings of
the board and perform such other duties as the said clerk of
the common council may direct; the said general clerk to
receive the same salary as is now paid to fifth assistant clerk,
payable monthly." The salary of such assistant was then
$2,500 per annum. Under this resolution plaintiff was
appointed in June, 1870. He entered upon the performance
of his duties and continued to act until January 16, 1871,
when he was removed, at which time a balance of his salary,
at the rate of $2,500, remained unpaid.

*D. J. Dean* for the appellants. The common council had
no power to authorize the appointment of plaintiff. (Laws
1868, 2023, chap. 853, § 9; Laws 1869, 2133, chap. 876, § 11.)
Plaintiff was an officer. (§ 19, Charter 1849; § 28, Charter
1857; § 115, Charter 1870; Laws 1870, chap. 137, § 109;
*Collins* v. *Mayor*, 3 Hun, 680; *People* v. *Utica Ins. Co.*, 15
J. R., 35; *Jackson* v. *Collins*, 3 Cow., 89; *Dresler* v. *Brooks*,
3 Barb., 429; 5 T. R., 549; 3 B. & Ad., 266; *Rexford* v.
*Knight*, 15 Barb., 627; *White* v. *Wager*, 25 N. Y., 328.)

*Wm. F. McNamara* for the respondent. The ordinance
of December 27, 1869, was a legitimate exercise of the legis-
lative power of the common council. (Laws 1857, chap. 446;
Laws 1870, chap. 137, § 19; *Collins* v. *Mayor, etc.*, 3 Hun,
680.) Plaintiff was not an officer, he was merely an employe.
(*Sullivan* v. *Mayor, etc.*, 53 N. Y.; Burr. L. Dict., 766;
*Vaccari* v. *Maxwell*, 3 Blatch., 368; Carth., 478; 2 Harr.,
294; 3 Yates, 300; *People* v. *Pinckney*, 32 N. Y., 726;
*Sheboygan Co.* v. *Parker*, 3 Wall., 93; *Wood's Case*, 2 Cow.,
30; 5 Bac. Abr., 180; *People ex rel.* v. *Nichols*, 52 N. Y.,
478; Laws 1870, chap. 137, § 19.)

ALLEN, J. *Sullivan* v. *The Mayor, etc.* (53 N. Y., 652;
reported at large, 47 How. Pr. R., 491), has no application to

the present appeal, and the counsel in supposing that the Court of Common Pleas disposed of this case upon the authority of that decision must have misapprehended that learned court. There is a palpable distinction between the position of a janitor, a mere door-keeper, and that of a clerk of the governing body of a municipality. The duties of the former are those of a mere ordinary laborer or servant, being subordinate and menial, while those of the latter partake of the character of a public duty or trust, conferred by public authority pursuant to law. His acts are official in their character. The woman who sweeps the halls, or the janitor who attends the doors and makes the fires in a public building, is in no sense an officer, while a clerk of a legislative body, or of a court holding its sessions in such building may be and ordinarily is an officer charged with a public duty or trust. It is hardly possible that the court below could have rested its decision, as suggested by counsel, upon the authority of *Sullivan's Case,* holding that because Sullivan was not an " officer " within the meaning of the statutes under consideration, a clerk of the common council could not be. The judgment can well stand upon the grounds assigned by the judge by whom the cause was tried, and his conclusion of law, viz. : That the appointment was authorized by the amended charter of 1857, and that the authority conferred by that act was not modified by the act of 1869. By the amended charter (Laws of 1857, chap. 446, § 36), the clerk of each board of the common council may appoint deputy clerks to the number authorized by ordinance, and the appointment of the plaintiff was authorized by ordinance of the common council adopted in December, 1869. But for the act of 1869 (chap. 876, § 11), the regularity or sufficiency of the appointment could not be questioned.

The statute last referred to is the annual tax levy for the city government of New York, and by it, and for the purpose of limiting the expenditures of the sums by the same act authorized to be raised by tax for the support of the city government, the common council and heads of departments

are prohibited from " creating any new office or department, or increasing the salaries of those now in office, or their successors, except as provided by acts passed by the Legislature." The law in which this provision is found is a temporary act, and in the absence of some indication of an intent of the legislature, it will not operate as a repeal or modification of charter regulations or general laws. The corresponding act of the year preceding, contained a similar prohibition, but with a marked difference in the exception, as that act excepted from the prohibition only as provided by acts passed by the legislature of 1868, which suspended the operation of the general laws, and the powers of the city government in the matter of creating offices and increasing salaries during the continuance of, and for the purposes of that act, except as permitted by laws passed by the same legislature. (Laws of 1868, chap. 853, § 9.) Under the act of 1869 the city government may do any act expressly authorized by any act of the legislature, whether enacted before or after the passage of that law. It follows that the ordinance authorizing the appointment of the plaintiff was valid, and the appointment regular. The fixing of the salary by reference to that paid to another officer of the same grade was valid, irrespective of the question whether the salary of that officer had been legally increased or not. The plaintiff was appointed by authority of the common council, and the effect of the ordinance was to declare that his salary should be $2,500 per annum. That was the sum clearly intended, and is made as certain by reference to the salary then actually paid to the officer named, as if the sum had been expressly named.

The judgment must be affirmed.

All concur; except ANDREWS, J., not voting.

Judgment affirmed.