THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN DONAHUE, RESPONDENT, v. THOMAS B. FRENCH, AS SUPERINTENDENT, ETC., APPELLANT.

*Fire department of Buffalo — removal of members of — chap. 519 of 1870.*

By the charter of the city of Buffalo, chapter 519 of 1870, the superintendent of the fire department is authorized to "suspend, and for cause and after a hearing dismiss, any fireman or employe of the department," and by a city ordinance he is authorized to employ the employes thereof. *Held*, that he had no authority to remove any employe except for cause and after a hearing.

Upon the hearing of this application to compel the defendant to reinstate the

relator in his position in the department from which he had been removed, it was insisted by defendant's counsel that the aforesaid restriction upon the power of removal only applied to employes appointed by the superintendent who removed them. *Held,* that the restriction applied to all employes, whether appointed by the superintendent attempting to remove them, or by his predecessor in office.

APPEAL from an order of the Erie Special Term, and also from a judgment entered thereon, directing that a writ of peremptory *mandamus* issue to the defendant, as superintendent, etc., commanding him to reinstate the relator in his position as stoker of the steamer Alberger, owned by the city of Buffalo.

The city of Buffalo, by the terms of the act of 1870 revising its charter (Laws 1870, chap. 519), has power to establish and maintain a fire department, to be under the supervision of an officer, to be termed a superintendent of fire, who shall be appointed by the mayor, by and with the advice and consent of the common council, and shall hold office for the term of two years. Section 3 of title 13 of the act provides that "the superintendent shall be at the head of the department, and shall, under the ordinances, have the supervision and management thereof." * * * "The firemen and employes of the department shall be subject to his orders and directions. He may suspend, and for cause and after a hearing dismiss, any fireman or employe of the department."

An ordinance of the city provides that the superintendent shall have "the charge, control and management of the fire department, and all the engines and apparatus belonging thereto. Each member of the department shall be subject to his orders. He has power to appoint one person, and as many more as the common council shall direct, to take charge of, and preserve under his direction, apparatus belonging to the department, and to act as porters and keepers of the houses of the engine, hose, hook and ladder, and protection companies; and he shall have power, and it is his duty, to employ engineers, drivers and firemen for the steam engines, and drivers for the hose carts belonging to the department."

On the 10th of January, 1876, the defendant was appointed superintendent. At that time the relator occupied the position of stoker of the engine Alberger, and was then discharging its duties and receiving compensation therefor, and had been in that position

ever since the 1st day of June, 1875, when he was appointed thereto by Joseph R. Williams, the immediate predecessor of the defendant in the office of superintendent. On the 17th of January, 1876, the defendant, as such superintendent, discharged and dismissed the relator from his said position and employment, without a hearing and without any charge being made against him. The Special Term held that the superintendent had no power to remove the relator without cause and a hearing.

*John B. Greene*, for the appellant.

*E. C. Robbins*, for the relator. The superintendent had no right or authority to dismiss the relator except "*for cause and after a hearing*," and the dismissal and discharge of the relator was without warrant under the city charter, and wrongful and unlawful. (1 Dillon on Munic. Corp., §§ 179–194, and cases cited; *People ex rel. Gorman* v. *Bd. of Police*, 35 Barb., 527; *People ex rel. Titus* v. *Same*, 35 id., 535; *People ex rel. Dunn* v. *Same*, 35 id., 544; *People ex rel. Hanrahan* v. *Same*, 35 id., 644; *People ex rel. Peck* v. *Same*, 35 id., 651; *People ex rel. McCune* v. *Same*, 19 N. Y., 188; *People ex rel. Miller* v. *Same*, 52 How. Pr., 289, 301; *State ex rel. Gill* v. *Common Council*, 9 Wis., 254, 261; *Murdock* v. *Phillips Academy*, 12 Pick., 261–268; *Bacher's Case*, 20 Penn. St., 425; *State* v. *Trustees*, 5 Ind., 89; *Charles* v. *Hoboken*, 3 Dutch. [N. J.], 203; Angel & Ames on Corp., §§ 704–707; *Singleton* v. *Commissioners*, 2 Bay's R. [S. C.], 105, 107; *Ex parte Hennen*, 13 Peters, 230.)

SMITH, J.:

The place held by the relator as a stoker or fireman on one of the steam engines belonging to the fire department of the city of Buffalo is not a public office, in the full sense of the word. The incumbent takes no official oath, and is not liable to indictment for official misconduct as such. He is an employe, not an officer. In *Sullivan* v. *The Mayor* (53 N. Y., 652; S. C., in full, 47 How., 491) the Court of Appeals held, that the janitor of a public building in the city of New York, appointed by official authority, is not a public officer, but an employe. But although the relator was not a public officer, his employment was of a public character, and

not a mere private contract, limiting his remedy, in case of a breach, to an action against the other contracting party for damages. The position held by the relator is of like nature.

The position occupied by him was created by public statute, which also prescribed the mode of appointment and removal by official action, and the compensation was fixed by the common council of the city under the authority of the statute, which prescribed that such compensation should not be increased or diminished during the term of service of the incumbent. (Act of 1870, chap. 519, title 3, § 4.) We think, therefore, the position and the duties and rights attached to it, were of such a nature, although not strictly official, as that the relator, if wrongfully displaced, has a remedy by *mandamus*.

The power of the superintendent of the fire department to remove employes in his department, is given by the statute, in these words: " He may suspend, and for cause and after a hearing, dismiss, any fireman or employe of the department." This is a distinct limitation of the power of removal to cases in which cause for removal is found to exist, after a hearing has been had. The maxim *expressio unius est exclusio alterius*, is applicable to statutes as well as to contracts. (Broom's Legal Maxims, 637 [6th Am. ed.], and cases cited in note 3.) It is especially applicable to the clause of a statute defining the powers of a new office created by the statute itself. The clause being restrictive, is to be construed as if it read, " he shall not dismiss, etc., except for cause and after a hearing," in which case the limitation could not be questioned. (*People ex rel. McCune* v. *Board of Police*, 19 N. Y., 188; *People ex rel. Miller* v. *Same*, 52 How. Pr. R., 289, 301; *People ex rel. Gorman* v. *Same*, 35 Barb., 527.)

The counsel for the defendant is understood to concede that the clause is thus restrictive in respect to cases to which it is applicable, but he contends that it applies only to firemen and employes appointed by the same superintendent who attempts to exercise the power of removal, and not to those appointed by his predecessors in office. Or, to state the position of the counsel in another way, no superintendent can remove any fireman or employe appointed by himself, except for cause and after a hearing, but he may remove, at his discretion, those who were appointed before

he was inducted into office. That construction does violence to the language, and as we think, to the intent of the statute. The words of the statute are very plain, and they cannot be construed as above suggested, without interpolating language which the legislature has not seen fit to employ.

Our attention has been called by the defendant's counsel to a clause of the charter not referred to in the opinion of the learned judge at Special Term, which provides that " all persons appointed under this act shall, unless otherwise provided, hold during the pleasure of the person or body by whom they were appointed. (Title 2, § 62.) If it is supposed by counsel that this clause applies to the term of employes appointed by the superintendent of the fire department, the position cannot be maintained. The provision relates exclusively to *officers* appointed under the act. This is apparent from the subject-matter of the title in which it is found, and from the context. The title relates to " officers," and the latter clause of the same section shows that the appointees referred to are those having terms of office. The language of the remainder of the section is, " when it is provided that the appointee shall hold for one or more years, the term of office shall expire on the first Monday of January; but such persons may hold over until his successor enters upon his office." Again, if the provision applies to employes appointed by the superintendent of the fire department, then all such appointees are removable by the incumbent of that office at his pleasure, whether appointed by himself or by his predecessor. Such a construction is inconsistent with the language of the last clause of section 3, title 13, in whichever way it be interpreted.

We are of the opinion that the order and judgment appealed from should be affirmed with costs.

Ten other cases, depending upon the same question, were submitted with this case, and the parties stipulated that the same order shall be entered in them as in this. The like order may be entered in each of them accordingly.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Order and judgment affirmed, with costs in this and ten other cases mentioned in the stipulation submitted herein.