By the Court.—Sedgwick, J.
The learned counsel did not, on this appeal, discuss the legal character of the office of trustees of common schools of the city of' New York, for the respective wards (L. 1873, c. 112, § 6). The counsel for appellant claimed that if the official body named by the statute were responsible for damage caused by the negligence of the workmen employed by it to repair the school-house, the law made the different individuals who composed the body personally liable. Nor did the counsel for respondent state his views of the legal character of these officers. The argument was, that if the trustees were not a corporation, but merely a board of citizens appointed to *114 a public duty, who serve the public without pay, and who have no funds, out of which it was their duty to see that the repairs on the premises should be safely made, the courts have always placed them under the protection of the rule, that public officers are not held personally liable for the malfeasance or misfeasance of their employees or agents. It is not necessary, as I think, to maintain or deny this proposition in this case ; but the opinion in Bartlett v. Crozier (17 Johns. 439), cannot be used to support it. That case did not involve liability for the negligence of an employee, and it was disapproved in Hover v. Barkhoof (44 N. Y. 113). In the present case, a defense could not be maintained on the ground that the trustees had no funds out of which it was their duty to see that the repairs on the premises should be safely made. They had procured the means, and the work was going on. I think, however, that it is quite clear that the statute makes the trustees either a corporation or a quasi corporation. In this action, they are not sued as the one or the other, and a question is not before us as to the form in which they should be sued, if deemed to be a quasi corporation (Gardner v. Board of Health of the City of New York, 10 N. Y. 409).
It must be admitted, that if they formed a corporation, the individual trustee would not be personally liable for the tort of the corporation. A corporate duty, is not, ipso facto, a duty of a person who is a member of the corporation. There seems to be no reason for enlarging the responsibility of a member of a quasi corporation, as to those matters in respect to which the law has given it corporate powers and duties. As to these matters the law has neither given the individual faculty to exercise the power nor made it his duty to exercise them. There cannot be negligence where there is no power and no duty.
The statute in question, imposes the duty of caring *115 for the school-houses and of repairing them, not upon the individual trustees, severally and jointly, but upon them as an aggregate body. The statute, in places, refers to them as a board and to exercising the statutory power by a majority of their number. It is consistent with this, that each has also an individual official power and duty, and therefore responsibility. A default in respect to this would be personal or individual. Upon the trial it was admitted that there was no individual negligence.
' I do not ignore considerations that would be pertinent to a case that presented the question, if a quasi corporation were liable for its corporate tort, against whom or what an execution might issue. That question has not been argued at all, and it could not be properly argued in this action, that does not purport to be against the corporate body, but only against its members individually.
I do not see that the opinion in Bassett v. Fish (75 N. Y. 303) intimates that in an action against those called in that opinion “trustees of an ordinary school district,” an individual trustee could be liable for what was the sole default of the trustees as a body or quasi corporation. The language makes a discrimination against -such a rule. The opinion says, if the defendants were in the position of the trustees of an ordinary school district, ‘1 we would think that there was enough in the testimony to warrant the jury in charging them all with negligence in the performance of their duty.” It states that the testimony showed that some of the trustees had personal actual knowledge of the unsafe state of the floor of the schoolhouse ; that all knew of the decay of the building, of the need of repair, and had repeatedly talked of it among themselves; and thus the condition of the building was known to them all. It further states that if • the trustees inspected the building, they would have *116 been careless and in fault, if they had overlooked the hole in the floor ; and if they did not go to inspect the building, then they would egregiously fail in doing their duty. Plainly, all the defaults and omissions of duty are considered to be personal and individual negligence. And the reason of the argument is that, if any of them were not guilty at negligence personally, such would not be liable.
Whatever, in such an officer, who is also a member of the aggregate body, may be assumed to be personal negligence—for instance, the violation of a duty of individual vigilance, that the body may be informed of the fact that calls for its action, or of an individual duty of calling the body together on an occasion that requires it, or of moving that joint action be taken, or of beginning a proposed joint action, and then demanding the co-operation of the other members of the body individually, or of using any individual official power —cannot be made the ground of the liability of the defendants here, for it is here admitted that there was no personal negligence on the part of any of the individuals sued.
Nor did the case of Hover v. Barkhoof (44 N. Y. 113) take a different view. In that case, the opinions refer, as the basis of liability, to acts and omissions, in which each of the defendants, individually or personally, shared. It wa's remarked that they refused to exercise their power, and resolved to postpone the performance of their official duty till the following spring ; that there was evidence to show that the bridge was out of repair and unsafe, and that all of the defendants had notice of it, and that the burden imposed upon these officers was not too great. “ All it requires of them is that they shall, with reasonable care and fidelity, discharge the duties which they have solemnly sworn to perform.” This indicates explicitly that the *117 performance of personal duty is all that the law demands.
On the trial, the form of the claim was that the defendants were liable as masters or superiors of the workmen, who opened and left open the trap-door. Following out the view that has been taken, it must be held that the individuals were not the masters of the workmen. The trustees, as a corporate body, was the superior. The individuals could not employ and could not annul the employment. If an individual, as matter of fact, did competently do either, he would do it as representing the board. The relation of one member to the body is not like that of one partner to a partnership. In' such instance each act, by the single partner or by the partnership, is not only for the firm, but for the individual members of the firm.
If the form of the claim be varied, and the liability be placed upon the duty of seeing that the trap-door was not negligently opened, the legal result is the same. By the concession of the case, each member of the board performed his duty in that regard, kept proper watch, made due observation, and did all that he was called upon to do. This inference is not less sound, because perhaps it should also be inferred from these facts, that in such case the corporate body could not have been guilty of negligence. Of course, it is not so decided.
As to the defendant, who was the superintendent of the school building, I do not see how any case can be stated against him, if he is admitted to have been free from any act of personal negligence.
Exceptions overruled, and judgment directed for defendant, with costs.
Freedman, J., concurred.