(7 Misc. Rep. 260.)

## In re TORNEY.

### In re STINER, Justice.

(Common Pleas of New York City and County, Special Term. February, 1894.)

OFFICE AND OFFICER—DISPUTED TITLE—QUO WARRANTO OR MANDAMUS.

 A controversy as to the right to a public office cannot be determined by mandamus, as against an incumbent in possession under color of legal title, but the only remedy is by quo warranto.

Application of John Torney for writ of mandamus against Joseph H. Stiner, as justice of the district court in the city of New York, of the eighth judicial district, commanding him to reinstate and reappoint the relator to the position of court attendant. Dismissed.

John W. Goff, for relator.
Wm. H. Clark and Theodore Connoly, for respondent.

PRYOR, J. The application is for a mandamus to Joseph H. Stiner, justice of the district court in the city of New York for the eighth judicial district, commanding him to reinstate and reappoint the relator to the position of court attendant. It appears that in March, 1888, the relator was duly appointed an attendant in the eighth district court for an indefinite term; that, at the time of his appointment, he was a privileged fireman, within the provisions of section 1 of chapter 577 of the Laws of 1892; that his salary as such attendant was paid by the city of New York; that on the 2d of January, 1894, he was removed from his position without cause, and without a hearing; and that John Nunnery has been appointed to his place and position. It is conceded that the position of court attendant is an office, and that Nunnery is now the incumbent of it, under a claim of title from the regular appointing power. Consolidation Act, § 1432. Upon this state of fact, the question instantly arises whether mandamus be the appropriate and available remedy for the wrong of which the relator makes complaint? If not, then inquiry as to the validity of his title would be a purely academic discussion; and although, in Marbury v. Madison, 1 Cranch, 137, we have a memorable precedent for such sterile speculation, still the criticism incurred by Chief Justice Marshall for pronouncing upon a right not before the court is little calculated to commend even that illustrious example to imitation. It being of concern to the public interests that the functions of public office should not be suspended, a summary method for investing the legal

incumbent with the actual possession of the office was indispensable, and from the earliest times such method was supplied by the writ of mandamus. Mos. Mand. 150; High, Extr. Rem. § 67; 3 Bl. Comm. 110. It is upon this ground of public convenience that the decisions in Gorman v. Board of Police, 35 Barb. 527, and Titus v. Board of Police, Id. 535, may be vindicated; and it is upon this ground only that in other cases of plain usurpation of office relief by mandamus may be reconciled with the fundamental principle that the writ is an inappropriate process to determine the title to office. The inefficacy of mandamus as a method of trying title to office inheres in the nature of the writ itself, which issues only when the right is clear, and when no other legal redress is available, and which, involving only a contention between the relator and the respondent, is incapable of concluding the claim of a stranger. Hence, it proceeds in every instance upon the assumption that the applicant has an evident and consummate legal title, and if the writ show less it will be denied, for the court cannot undertake in this proceeding to try a disputed right. In case of a contest there must be judgment of ouster against the incumbent before the writ will issue in favor of the contestant. State v. Dunn, 12 Am. Dec. 28–30, note collating cases. It is not gainsaid that in other jurisdictions mandamus has been employed apparently as a means of determining title to office; but, on examination of those cases, it will be seen that the right was really not in contestation, but only the custody of the insignia, and that the courts simply refused to suffer a mere usurper to turn the holder of the legal title into the position of a contestant, and summarily awarded the possession to the unchallenged claimant. Warner v. Myers, 4 Or. 72; Harwood v. Marshall, 9 Md. 83; Dew v. Judges, 3 Hen. & M. 1. A writer of authority distinguishes the case where the applicant, as here, seeks restoration to office. High, Extr. Rem. §§ 49, 67. But the diversity in the decisions goes, not upon principle, but upon the accidental circumstance that the right of the incumbent is commonly clear, and that the removal was a nullity. At all events, the distinction is not recognized by the courts of this state. People v. Goetting, 133 N. Y. 569, 30 N. E. 968. But, whatever may be the course of adjudication elsewhere, in New York it is settled beyond controversy that quo warranto is the proper and the only proceeding for trying and adjudging the right to office, and that, as against an incumbent occupying under color of legal title, mandamus is unavailable and inoperative for the admission of an adverse claimant. People v. Goetting, 133 N. Y. 569, 30 N. E. 968; Nichols v. MacLean, 101 N. Y. 526, 5 N. E. 347; People v. Ferris, 76 N. Y. 326; In re Gardner, 68 N. Y. 467; People v. Lane, 55 N. Y. 217; People v. Stevens, 5 Hill, 616; People v. Vail, 20 Wend. 12; People v. Wendell, 57 Hun, 362, 10 N. Y. Supp. 587; People v. New York, 3 Johns. Cas. 79. What would be my decision on the merits of relator's claim in the quo warranto or certiorari upon his removal, it is unnecessary to indicate. It suffices that, for the reason given, the proceeding is not to be upheld. Proceeding dismissed, with costs.