HEARD v. COMMISSIONERS OF CHARITIES OF CITY OF NEW YORK.

(Supreme Court, Special Term, New' York County. February 6, 1896.)

MUNICIPAL CORPORATIONS—COMMISSIONERS OF CHARITIES.

The commissioners of charities of the city of New York, appointed under Laws 1895, c. 912, §§ 2, 3 (providing for appointment by the mayor of said city of three persons as such commissioners, who shall have general control of the department of charities), have no corporate existence, and cannot be sued as a body.

Application by William N. Heard against the commissioners of charities of the city of New York for a writ of mandamus. Heard on motion to show cause why a writ should not issue. Motion denied.

R. Van Damm, for plaintiff.

Francis M. Scott, Corp. Counsel (Terence Farley, of counsel), for defendants.

LAWRENCE, J. This is an order to show cause why a peremptory writ of mandamus should not issue directing the commissioners of charities in the city of New York to forthwith restore and reinstate the said William N. Heard to the stewardship of the almshouse in the city of New York, on Blackwell's Island, etc. The plaintiff claims that he was appointed as such steward in July, 1895, after passing a competitive civil service examination, as required by section 9 of article 5 of the constitution. He alleges that he was summarily removed without any cause December 30, to take effect December 31, 1895. He further claims that, his appointment having been made by reason of his having been certified as qualified after due examination, the power of the commissioners was limited and restricted to making such selection from an eligible list, and that the commissioners

had no power to remove him without formulating charges against him, and giving him an opportunity to be heard. In opposition to the motion, the defendants make certain preliminary objections: First. It is claimed that the order to show cause is improperly entitled, for the reason that as it now stands it would appear from the title that this is an action brought by Heard against the commissioners of charities in the city of New York, whereas, as matter of fact, it is an application for a peremptory mandamus. In the view which I take of this case, it is unnecessary to dispose of it upon that point. It is, second, insisted by the defendants that there is no such corporation as commissioners of charities in the city of New York. The present board of commissioners of public charities is organized under and in pursuance of chapter 912 of the Laws of 1895; and, pursuant to the authority conferred upon him by that law, the mayor, on the 21st of December, 1895, appointed three commissioners of that board. This board, as is contended by the respondents, is simply a department or subdivision of the city government, having no corporate existence, and therefore cannot sue or be sued as a board. This objection I regard as well taken, and fatal to the plaintiff in this proceeding. See Swift v. Mayor, etc., of New York, 83 N. Y. 528; People v. Board of Com'rs of Public Parks, 97 N. Y. 37 (in which case it was held that the writ of certiorari which had been sued out was irregular, in that it was directed to the board, and not to the members composing it). In that case the court said, at page 43, 97 N. Y.: "The park board is a mere department of the city government. Laws 1873, c. 335. It is not a corporation, and there is no statute authorizing actions to be brought against it by its official name. We see no answer to this objection,"— and the writ of certiorari was accordingly quashed. See, also, Gardner v. Board, 4 Sandf. 153, 10 N. Y. 409. The denial of this application might well be rested upon the point just referred to. But I deem it proper to state that it appears by the answering affidavits that the plaintiff was dismissed, on the 31st of December, 1895, from the department of public charities and correction of the city of New York; that upon that day the said department was legislated out of existence by chapter 912 of the Laws of 1895, under which a new department of charities was created. As it does not appear that the plaintiff was a veteran sailor or soldier, or a volunteer fireman, nor that he was the clerk or head of a bureau, within the meaning of the provisions of the consolidation act, it would seem that the old board of charities and correction had a right to remove the plaintiff at its pleasure. See People v. Robb, 126 N. Y. 180, 27 N. E. 267. See, also, In re Torney, 7 Misc. Rep. 260, 27 N. Y. Supp. 913.

For the foregoing reasons, this motion will be denied.