---

(21 Misc. Rep. 145.)

## In re AGAR.

(Supreme Court, Special Term, Greene County. July, 1897.)

1. STATE OFFICERS—APPOINTMENT—CIVIL SERVICE.

     Laws 1879, c. 88, provides that the Lawrence Street Bridge shall be operated subject to the control of the state superintendent of public works, and at the expense of the city of Albany. *Held*, that the state superintendent, in appointing an operator therefor, is not obliged to select a person on the eligible list of the civil service examiners of Albany.

2. SAME.

     The state superintendent of public works, in appointing a bridge tender, need not choose a civil service nominee, if that occupation has not been classified by the state civil service commission.

3. SAME—POWER TO FIX COMPENSATION.

     The state superintendent of public works has the right to fix the compensation of the bridge tender of the Lawrence Street Bridge, Albany, appointed by him pursuant to Laws 1879, c. 88, providing for the control by state superintendent of the operation of that bridge.

4. MUNICIPAL CORPORATIONS—PRESENTATION OF CLAIMS.

     The claim against the city of Albany for such compensation is controlled by the city charter (title 3, § 46), requiring that demands against the city, arising on contracts expressed or implied, must be presented to the clerk of the common council.

Application by the people, on the relation of John W. Agar, for mandamus against John Boyd Thatcher, as mayor of the city of Albany, and James Rooney, as chamberlain of the city, to compel them to pay the claim of the petitioner for services as bridge tender to a bridge constructed under Laws 1879, c. 88, and operated under such laws, subject to the control of the state superintendent of public works, and at the expense of the city. The claim of the petitioner had been refused by the mayor on the ground that he had not passed the civil service examination. Application denied.

Scherer & Downs, for the motion.

John A. Delehanty, opposed.

CHASE, J. I am satisfied that the relator has a valid claim against the city of Albany for the amount of his bills. He was an employé of the state, and in no sense in the civil service of the city of Albany, and the superintendent of public works was not required to appoint bridge tenders at these canal bridges in the city of Albany from the eligible list prepared by the board of civil service examiners of such city. At the time of the appointment of the relator the position of bridge tender had not been classified by the state civil service commission, and relator does not come within the decision in People v. Roberts, 148 N. Y. 360, 42 N. E. 1082. The petitioner alleges that relator was duly appointed by the superintendent of public works, and it will be presumed in making the appointment the superintendent took into account the provisions of the state constitution. The superintendent of public works had the right to fix the relator's compensation. Gilligan v. Town of Waterford, 91 Hun, 21, 36 N. Y. Supp. 88; Failing v. City of Syracuse, 4 Misc. Rep. 50, 24 N. Y. Supp. 705. Notwithstanding the fact that the relator has a valid claim against the city of Albany, he is not, in my judgment, entitled to the writ demanded. Chapter 88, Laws 1879, does not provide how the city of Albany shall pay the expense assumed. The relator is not an officer of the city, or a city laborer, and does not come within the provisions of section 50, tit. 3, of the city charter. The bridge was constructed by the state on the express or implied contract of the city of Albany to pay the entire expense. Although the superintendent of public works had the authority to fix the compensation of relator, yet, in the absence of an express provision of law, as stated in section 10, tit. 6, of the city charter, the claim comes within the language of section 46, tit. 3, of the charter, which requires a demand against the city arising upon contract, express or implied, to be presented to the clerk of the common council, in the form prescribed by that section. I do not think the custom in regard to these payments would justify the mandamus asked for by the relator. The claims should be presented to the clerk of the common council, and, in case they are not allowed, or are allowed at less than $2.25 per day, an action may be brought against the city of Albany, or, perhaps (this I do not decide), mandamus would lie to compel the audit and payment of the claim. The motion is denied, with $10 costs.

Motion denied, with $10 costs.