THE PEOPLE OF THE STATE OF NEW YORK ex rel. CYRUS N. BALLOU, Appellant, v. JOHN D. WENDELL, County Judge of Montgomery County, Respondent.

*Veteran — appointment of, to office — mandamus denied — the alleged improper appointee is a proper party to any proceeding for his removal.*

Upon an application for a *mandamus* to compel the county judge of Montgomery county to appoint as crier of the courts of record of said county an honorably discharged soldier, it appeared that the county judge had appointed a civilian to the office for which the relator, who claimed that he possessed qualifications sufficient to perform its duties, was an applicant.

*Held,* that, conceding the relator to have such qualifications, he was not entitled to a writ of *mandamus* requiring the county judge to appoint him to the office.

That the statute did not give him the office, nor require that he alone, of all honorably discharged Union soldiers, should be appointed thereto.

That, even if the appointment made by the county judge should be vacated, and the county judge were peremptorily commanded to appoint a soldier, he would not be limited in his selection to the relator.

That, inasmuch as the county judge had selected a crier, and had executed the power of appointment, he had no further duty to perform and the *mandamus* could not, therefore, issue against him to compel him to give a preference to Union soldiers, where he had already made the appointment in regard to which the preference was claimed.

That the relator's grievance did not rest in the fact that the county judge had refused to act, but that he had erred in his action and appointed a civilian instead of a soldier, to remedy which a *mandamus* was not an appropriate measure.

That as the civilian appointed by the county judge was in possession of the office and was not a party to this proceeding, he could not be removed from office and the relator inducted into it until he had had his day in court.

Appeal by the relator from an order of the Supreme Court dismissing the above-entitled proceedings and denying an application to submit the issues therein to the jury, which order was entered in the office of the clerk of the county of Montgomery on the 27th day of November, 1889, with notice of an intention to bring up for review the exceptions taken upon the trial, and the order dated November 20, 1889, and the proceedings and the evidence upon which the same were made and relating thereto.

The proceedings were instituted upon the petition of Cyrus N. Ballou, the relator, presented at a Special Term of the Supreme Court, held in the county of Montgomery, at which an alternative

writ of *mandamus* was issued. To this writ the defendant made answer, and the issues having been joined were brought to a hearing before the court and a jury. At the trial evidence was received by the court, and upon the close thereof the defendant moved to dismiss the proceedings upon the ground that, upon the facts presented, the relator was not entitled to a writ of *mandamus*, and was not entitled to the relief claimed in his petition.

The relator requested that the evidence be submitted to the jury, and that all the issues presented by the pleadings, and the alternative writ of *mandamus* and the petition and the answer of defendant, be submitted to the jury.

The court refused to submit the evidence to the jury, and ordered that the proceedings be dismissed.

The relator, an honorably discharged soldier of the Union army, and otherwise eligible to appointment, in January, 1889, applied to the defendant, as county judge of Montgomery county, to be appointed crier of the courts of record for said county. The judge appointed one Folmsbee, a civilian, to the office. Whereupon the relator obtained a writ of alternative *mandamus*. The defendant made return to the writ, denying the capacity of the relator to discharge the duties of the office, and alleging that Folmsbee had the better qualifications, and, therefore, the defendant appointed him, and taking issue upon other allegations of the writ. These issues were brought to trial before the Circuit Court and a jury. At the close of the testimony, upon motion of the defendant, the court dismissed the proceedings, with costs, refusing to submit the case to the jury. From the order reciting this disposition of the case the relator appeals.

*Sayles, Searl & Sayles*, for the appellant.

*W. B. Dunlap*, for the respondent.

LANDON, J. :

Since the trial court refused to submit the case to the jury and dismissed the proceeding, we may assume upon this appeal that every controverted question of fact might have been found in the relator's favor by the jury if the case had been submitted to them. The case, then, is, that there was a vacancy in the office of crier of

the courts of record for Montgomery county; that the relator was an elector of the county and an honorably discharged soldier of the Union army, and was the only soldier who was an applicant for the office, and that he possessed qualifications sufficient to perform the duties of the office. That one Folmsbee was also an applicant for the office, and that the county judge, after a consideration of the matter, appointed Folmsbee instead of the relator. That the county judge, in making the appointment, considered that Folmsbee would make the better officer.

The question, then, is, would the relator, assuming these facts to be found in his favor, be entitled to a writ of peremptory *mandamus* requiring the county judge to appoint him? We think not. The statute does not give him the office nor command that he alone of all the honorably discharged Union soldiers shall be appointed. It says that such soldiers shall be preferred, other necessary qualifications existing. It points out no methods by which one soldier shall have a preference to the appointment over all other soldiers; it simply prefers soldiers to civilians. Even if the appointment of Folmsbee should be vacated, and the county judge were peremptorily commanded to appoint a soldier, he would have the whole body of eligible soldiers from whom to select. It follows that the relator has no clear legal right to the appointment to the exclusion of all other soldiers, and hence lacks the clear right essential to a *mandamus*.

Again, *mandamus* issues to compel inferior tribunals and officers to act. Assuming that it was the duty of the county judge to appoint a crier, he could make that appointment from the whole body of eligible electors. All that *mandamus* could do would be to compel him to act and make the appointment. In so far as he had discretion in exercising the right of selection, *mandamus* could in no wise control that discretion.

The county judge had the duty to select, the power and duty to appoint. He has discharged that duty, and has no further duty now to perform. Whatever may have been his obligation to give the soldiers a preference, his power to discharge that obligation ended when he made the appointment. (*People ex rel. Lockwood* v. *Saratoga Springs*, 54 Hun, 16; *People ex rel. Hall* v. *Village of Little Falls*, 29 N. Y. St. Rep., 723; *People ex rel. Stephens* v. *Barden*, 30 id., 52; *People ex rel. Snyder* v. *Summers*, Id., 614.)

The relator's grievance is not that the county judge refused to act, but that he erred in his action and appointed a civilian instead of a soldier. Whether there is any method to review his decision and action we are not called upon to decide, it is enough now to say that *mandamus* is not an appropriate method to review it. Besides, Folmsbee was appointed to the office, and presumably is in possession of it. He is not a party to this proceeding and cannot be turned out without his day in court in the proper action. The relator cannot be inducted into office unless a vacancy can be legally made for him to fill. It cannot be made in this proceeding.

The learned counsel for the relator cites *Matter of Wortman*, (22 Abb. N. C., 137) as an authority for *mandamus*. *Mandamus* was refused in that case. In the *Matter of Sullivan* (28 N. Y. St. Rep., 566) the soldier had procured his preferment to employment and then was arbitrarily deprived of it. *Mandamus* was issued to compel his restoration to his rightful place.

The difference between depriving a person of what is already rightfully his own, and compelling the bestowment upon him of what he never had, is suggested in the case and is very plain. That difference exists between that case and this.

It is manifestly difficult to enforce, in cases like the one before us, the compulsory preference which the act seems to prescribe. Practically, the act embodies an inconsistency in principle. It seeks to give a preference to one class of citizens as a class without impairing that equality of civil rights which the soldier struggled to establish, and, also, without changing the wise maxims of government by which justice is administered. We cannot put the relator in without turning Folmsbee out, and, so far as we know, Folmsbee has a right to stay in. We cannot put the relator in without changing the rules governing *mandamus*, and the legislature has not authorized any change. There are many soldiers, and the relator is only one, and the act does not provide for merging in him the rights of every other soldier and of every other person eligible to appointment.

The order and judgment thereon should be affirmed, with costs.

LEARNED, P. J., and MAYHAM, J., concurred.