EDWARD GILLIGAN, Appellant, *v.* THE TOWN OF WATERFORD, Respondent.

*Laborers employed by the State and paid by a town — the Legislature may fix the rate of their wages — the town board cannot alter the rate — liability of the town to the person selected after he has accepted a less sum.*

The Legislature has power to pass general laws regulating the compensation of laborers employed by the State, and when such compensation has been fixed by statute it cannot be reduced by the action of a town board.

It is the duty of the Superintendent of Public Works, under chapter 320 of the Laws of 1888, to select a bridge tender to operate the lift bridge at Broad street, in the town of Waterford; and a bridge tender, appointed after chapter 380 of the Laws of 1889 went into effect, was entitled to be paid for his services at the rate of two dollars for a day of eight hours during a period which elapsed before the act of 1889 was repealed.

His right to this rate of compensation is not affected by the fact that the town board of Waterford has passed a resolution fixing his compensation at fifty dollars a month; and, notwithstanding the fact that he has without objection accepted payment of such smaller compensation, he may recover by action against the town the difference between the compensation actually received and the amount he would be entitled to at the rate of two dollars for a day of eight hours.

APPEAL by the plaintiff, Edward Gilligan, from a judgment of the County Court of Saratoga county, entered in the office of the clerk of the county of Saratoga on the 25th day of March, 1895, upon the verdict of a jury rendered after a trial at the Saratoga County Court, and also from an order entered in said clerk's office on the 8th day of March, 1895, denying the plaintiff's motion for a new trial made upon the minutes.

*I. H. Maynard,* for the appellant.

*J. W. Atkinson,* for the respondent.

MAYHAM, P. J. :

On the 11th of July, 1889, the plaintiff was employed or appointed by the Superintendent of Public Works of the State as bridge tender to operate a hoist or lift bridge across the Champlain canal where it intersects and crosses Broad street in the town of Waterford. He served in that capacity from the 20th of July, 1889, to the first of December of that year, a period of 1,596 hours.

This hoist or lift bridge was constructed by the State under the direction of the Superintendent of Public Works pursuant to chapter 320 of the Laws of 1888. Section 1 of that act provides as follows : " The Superintendent of Public Works is hereby authorized to construct, or cause to be constructed and maintained at the expense of the State, a lift bridge over the Champlain canal at Broad street in the village and town of Waterford, Saratoga county. Said bridge shall, when constructed, be operated at the expense of the town of Waterford, under the direction of the Superintendent of Public Works." The balance of the section limits the amount of expenditure and describes the method of letting the contract for the construction of the bridge.

In pursuance of that act the State constructed a bridge at the point indicated, which was completed before the 20th of July, 1889.

Chapter 380 of the Laws of 1889 took effect on the sixth day of June of that year. By section 1 of that act it is provided as follows : " From and after the passage of this act the wages of day laborers employed by the State, or any officer thereof, shall not be

less than two dollars per day, and for all such employed otherwise than day laborers, at a rate of not less than twenty-five cents per hour."

On the 11th of July, 1889, the Superintendent of Public Works addressed a communication in writing to the supervisor of the town of Waterford as follows :

" JOHN E. GAGE, Esq.,
          " *Supervisor of Waterford, N. Y.:*
    " DEAR SIR — This is to certify that, under the provisions of law, that I select the tenders of the Waterford lift bridge, while the town of Waterford fixes the compensation for such services.

                         " Very truly yours,
                              " JAMES SHANAHAN,          ·
                                   " *Superintendent of Public Works.*"

On the 12th of July, 1889, the supervisor called a meeting of the town board of the town of Waterford, at which the following resolution was adopted :

    " *Resolved,* that the sum of $50.00 per month be paid for each man employed for operating the lift bridge for the season of 1889, and that the number of men be limited to two."

The case does not disclose that the plaintiff had any notice or knowledge of the correspondence between Shanahan and the supervisor, to which we have referred, or of the adoption of the resolution by the town board.

The persons designated or selected by the Superintendent of Public Works as bridge tenders for this bridge were the plaintiff, Edward Gilligan, and one Mr. Clark.

On the twenty-third day of August, the plaintiff was paid by the town fifty dollars on account of his services as bridge tender, and, at the time of receiving the same, made no claim for additional compensation for his services. On the 26th of September, he was also paid fifty dollars, and made no additional claim, and on the third of December, he was paid sixty-six dollars and sixty-six cents, being his salary for one and one-third months at the rate of fifty dollars per month.

The testimony of the plaintiff shows that he was appointed by Shanahan, the Superintendent of Public Works, to the position of bridge

tender, and that he never had any understanding or agreement with the town board as to his compensation.

The case shows that the plaintiff never made any claim for more than $50 per month compensation during the time of the performance of the service; that he had received in all $218.34, and that his compensation, if fixed at the rate of $2 per day for a day of eight hours, or twenty-five cents per hour for the whole number of hours, would aggregate $399, leaving due him upon that basis $180.66, which amount he claimed to recover in this action.

The jury, upon the evidence, under the charge of the judge, rendered a verdict for the defendant, and the plaintiff appeals from the judgment entered upon that verdict. After the rendition of the verdict, the plaintiff moved to set it aside, and for a new trial upon the minutes of the judge, on the ground that the verdict was against the weight of evidence and contrary to law, and also upon the exceptions taken at the trial. The motion was entertained and denied, to which the plaintiff excepted.

If, under the circumstances of this case, the town board had authority to fix the compensation of the plaintiff at a rate other than that prescribed by statute, we think the jury might, under the evidence in this case, have reached the conclusion that there was an implied contract on the part of the plaintiff to accept the sum of fifty dollars per month, and upon his acceptance of the same, in the manner indicated by the evidence in this case, they might properly have reached a conclusion that the town had paid the plaintiff the amount regulated by such implied contract. But, under the circumstances of this case and the statute governing the same, we are of opinion that neither the Superintendent of Public Works nor the authorities of the town had any power to fix upon a different rate of compensation than that regulated by chapter 380 of the Laws of 1889.

It is true that that act was repealed by chapter 218 of the Laws of 1890, but that repeal in no way affects the rights of laborers employed by the State or any officer thereof during the period for which chapter 380 of the Laws of 1889 remained in force.

The appointment or employment in this case by the Superintendent of Public Works was in the proper exercise of the power conferred upon him of operating this lift bridge, which, by the

express provision of chapter 320 of the Laws of 1888, was to be operated under the direction of the Superintendent of Public Works. The appointment or employment of the plaintiff came clearly within the duties imposed upon the Superintendent of Public Works under this act, and the town or the town board had no power, authority or volition in the selection of such appointee. Nor does it appear from that act that the town board had any power or authority to fix the compensation of such appointee or employee. The only power or authority conferred upon the town or duty imposed upon it was to pay the expense of operating such bridge.

Plaintiff's appointment went into effect after the enactment of chapter 380 of the Laws of 1889, and was subject to the provisions of that act. All the labor for additional compensation for which this action is brought was performed before its repeal, and must, we think, be compensated for under its provisions.

If the plaintiff rendered the services for additional compensation for which, this action is brought, by the day, his compensation would, under section 1 of chapter 385 of the Laws of 1870, making eight hours a day's work, be two dollars for every eight hours' service performed by him, or, if rendered by the hour, he would be entitled to twenty-five cents for each hour during which he was actually employed. And there seems to be no controversy in the evidence as to the length of time the plaintiff served under his employment.

We think that, upon authority, the questions presented in this case have been fully settled.

In the case of *The People ex rel. F. Le Roy Satterlee* v. *The Board of Police* (75 N. Y. 38) the question was: " Whether the board of police commissioners could fix the salary of a police surgeon by resolution at a less rate than that fixed for such salary by statute? Even where the police surgeon had accepted the position, and had drawn his salary at the rate fixed by the resolution for two years, at the end of which period he claimed the salary fixed by law, and demanded compensation at that rate; he was held to be entitled thereto."

In that case the court held that the salary fixed by law was his rate of compensation, and MILLER, J., in delivering the opinion of

the Court of Appeals, uses this language: "As the statute gave the salary, I think fixing the amount at a less rate by resolution could not make it less than the statute declared. There is no principle upon which an individual appointed or elected to an official position can be compelled to take less than the salary fixed by law. The acceptance and discharge of the duties of the office after appointment is not a waiver of the statutory provision fixing the salary therefor, and does not establish a binding contract to perform the duties of the office for the sum named. The law does not recognize the principle that a board of officers can reduce the amount fixed by law for a salaried officer and procure officials to act at a less sum than the statute provides, or that such officials can make a binding contract to that effect. The doctrine of waiver has no application to such a case, and cannot be invoked to aid the respondent."

The correctness of the rule laid down in the case cited does not seem to have been questioned, and is manifestly sound upon principle.

We have been referred by the learned counsel for the respondent to *Larkin* v. *The Village of Brockport* (81 Hun, 364) and the same case as reported in 87 id. 573.

From an examination of the reports of that case we are clearly of the opinion that it has no direct application to the case at bar. That case, in some of its aspects, was similar to this, in that it was for additional compensation for the services of a bridge tender of a bridge across the Erie canal which had been constructed by the State, the compensation for tending which was charged upon the village of Brockport by the act under which it was constructed. The amount of compensation was fixed by a resolution of the village trustees on the 5th of June, 1888, and the services were rendered, most of them, under the express contract between the plaintiff and the village trustees to perform the services at the rate fixed by the resolution. That contract was in force at the time of the passage of chapter 380 of the Laws of 1889, and it was held, in effect, that the passage of that act did not affect existing contracts. No such question arises in this case.

In *Clark* v. *State* (142 N. Y. 101) it was held that the Legislature has power to pass general laws regulating the compensation of labor-

ers employed by the State or by any officer under its authority where the act disturbs no vested right; and that chapter 380 of the Laws of 1889, which took effect in June of that year, regulating the wages of day laborers employed by the State or any officer thereof, was constitutional, and that the compensation of a laborer, if so fixed by statute, cannot be reduced by a State officer under whom the laborer is employed; and the fact that the laborer takes for a time a reduced compensation, does not estop him from subsequently claiming the residue.

It will be admitted that the compensation in this case was not fixed by a State officer. But it can hardly be successfully maintained that the limitation fixed by that act did not apply to all officers, or individuals, appointed by a State officer. And, as we have seen that the operation of this bridge was a part of the duty of the Superintendent of Public Works, the appointment of the laborers to operate the same was necessarily a duty imposed upon him, and was, in this instance, performed by him; it follows that the employees operating the bridge in question were, therefore, employees of a State officer within the wording of the provision of chapter 380 of the Laws of 1889.

That being so, the town board had no power or authority to fix the compensation of such employees at a price less than that specified in that chapter, and it must, we think, be held that the compensation of these bridge tenders came clearly within the provisions of that law.

It is no part of the duty of the court to determine whether that provision of law was wise or unwise. It is enough to know that it was an act of the Legislature, and that in enacting it the Legislature acted strictly within its constitutional power.

We think, therefore, that the learned trial judge erred in refusing to hold, as requested, that the plaintiff as matter of law, was entitled to the statutory compensation.

The payment of the wages of this plaintiff at the rate fixed by statute was charged as a duty upon the town of Waterford, and that duty, when the town fails in its performance, may, we think, be enforced by action.

In *The People ex rel. James Lynch* v. *The Mayor, Aldermen & Commonalty of the City of New York* (25 Wend. 680) it was held

that the Legislature has power to impose upon a town in its corporate character the obligation to pay for the services rendered within its territory, and directly for the benefit of its inhabitants, and the court used in that case this language: "Here is a legal duty enjoined by competent authority, which the corporation are bound to discharge. It is as binding upon them as if entered into under their corporate seal. Full consideration has been rendered in the services of the officer for the liability thus imposed. An action on the case or assumpsit will lie for a neglect of corporate duty."

To the same effect is *Canniff* v. *The Mayor, etc.,* (4 E. D. Smith, 437); *Federgreen* v. *The Town of Fallsburgh* (25 Hun, 153).

On the whole case, we think the plaintiff was entitled to recover, and that the judgment must be reversed and a new trial ordered in the County Court, costs to abide the event.

PUTNAM and HERRICK, JJ., concurred.