## WALSH v. CITY OF ALBANY.

(Supreme Court, Appellate Division, Third Department. July 6, 1898.)

1. MUNICIPAL CORPORATION—BRIDGE TENDER.

Laws 1888, c. 400, provided for the erection of a bridge in A., which, when completed, should be operated under the direction of the superintendent of public works, but at the city's expense. *Held*, that a person employed by such superintendent would not be in the city's employ.

**2. SAME—APPOINTMENT.**
   Laws 1888, c. 400, authorized the superintendent of public works to operate under his direction a bridge provided for therein for the city of A. A deputy superintendent, whose duties included the appointment of bridge tenders, set a party to work, and the assistant superintendent notified the city of his appointment. *Held,* sufficient to show appointment by the superintendent.

**3. SAME—CIVIL SERVICE.**
   The operation of a bridge in the city of A. was made the duty of the superintendent of public works, who appointed a bridge tender. At the time of the appointment such position had not been classified under the civil service act. *Held,* that the appointment was not illegal.

**4. SAME—COMPENSATION.**
   Laws 1897, c. 415, § 3, provided that persons engaged in public works should receive not less than the prevailing rate of wages for such work in the locality where the work was performed. A bridge tender, by Laws 1888, c. 400, was to be appointed by the state, but paid by the city. The mayor assumed to fix the salary for such employment. *Held,* not conclusive as to the prevailing rate of wages for such service in the locality.

**5. SAME—EVIDENCE.**
   A bridge tender sued for his salary, which was not agreed upon for the time he served. He alleged what was reasonable pay, which defendant denied. *Held,* that proof of what was paid in prior years was relevant.

Appeal from Albany county court.

Action by Patrick Walsh against the city of Albany. From a judgment, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, PUTNAM, and MERWIN, JJ.

John A. Delehanty, for appellant.
Scherer & Downs, for respondent.

MERWIN, J. The plaintiff has recovered for services as bridge tender at a lift or hoist bridge across the Erie Canal at North Ferry street in the city of Albany, from April 22, 1897, to and including the 31st July, 1897, at the rate of $2.25 per day. This bridge was constructed pursuant to the provisions of chapter 400 of the Laws of 1888. The act provides that the bridge shall, on completion, "be operated under the direction of the superintendent of public works, but at the expense of the city of Albany." The plaintiff presented his claim to the common council of the city, which audited it at the rate of $50 per month. This the plaintiff declined to receive, claiming he was entitled to receive pay at the rate of $2.25 per day; hence the suit.

It is claimed by the defendant that there was never any legal employment of the plaintiff, and that in any event he should not recover at a rate exceeding $50 a month. The defendant did not operate the bridge, and the plaintiff therefore was not in its employ. Gilligan v. Town of Waterford, 91 Hun, 21, 27, 36 N. Y. Supp. 88; Larkin v. Village of Brockport, 87 Hun, 573, 575, 34 N. Y. Supp. 551. The action, therefore, of the mayor of the defendant in providing for a civil service examination as to this position, and in fixing the amount of compensation, did not affect the rights of the plaintiff. The evidence authorizes the finding that the plaintiff was employed by or under the direction of the superintendent of public works. The section

superintendent, whose duties included the designation or appointment of bridge tenders, set the plaintiff at work. On the 30th April, 1897, John L. Parker, assistant superintendent of public works, notified the mayor of defendant, in writing, that the superintendent of public works, on April 22, 1897, appointed the plaintiff as bridge tender at the bridge in question. The position of assistant superintendent is recognized by the constitution. Article 5, § 3. The plaintiff in fact performed the work for which he claims to be paid. The plaintiff has not passed a civil service examination, and the defendant therefore says the plaintiff cannot recover. The plaintiff replies that he holds the position of "laborer," and is exempt from examination by the terms of the statute. Section 7, c. 354, Laws 1883, as amended by chapter 681, Laws 1894. The plaintiff testifies that his occupation is that of a "laborer." It does not appear that his position has ever been classified by the state authorities in pursuance of the civil service act (see People v. Roberts, 148 N. Y. 361, 42 N. E. 1082), and, if not, we ought not, I think, upon the facts here presented, assume that his employment was illegal. The compensation of the plaintiff was not fixed by the terms of his employment. By the statute it was provided that those engaged on public works should receive not less than the prevailing rate of wages in the same trade or calling in the locality where the work was performed. Section 2, c. 385, Laws 1870, as amended by chapter 622, Laws 1894. A similar provision is in the labor law (section 3, c. 415, Laws 1897), taking effect June 1, 1897. It appears in the case that the plaintiff had been employed as bridge tender at the bridge in question during the seasons of 1895 and 1896, ending with November 30, 1896, and had been paid by the defendant at the rate of $2.25 per day. When he commenced work in April, 1897, it may with some force be said that he had, in the absence of any specific arrangement on the subject, a right to assume that the wages would be the same. On the 22d July, 1897, and after the plaintiff had presented to the defendant his account for services at rate of $2.25 per day up to July 1st, the mayor of defendant assumed to fix the pay for bridge tender on the bridge in question and two other bridges at the rate of $50 a month. He had the right to do this as to one of the bridges (Laws 1883, c. 298, tit. 16, § 13); not, however, the one in question. His action did not bind the plaintiff, and, at least, was not conclusive as to the prevailing rate of wages for this kind of service in that locality. Nor was the proof as to the prices paid in other localities controlling. In the complaint it was alleged that the reasonable value of the services of plaintiff was $2.25 per day. This was denied in the answer. Upon the issue so made, the proof as to the price paid the prior years was relevant. The plaintiff had the right to recover the reasonable value. The court was, I think, authorized to find that the reasonable value in 1897 was the same it was in 1896. The judgment should, I think, be affirmed.

Judgment affirmed, with costs. All concur.