THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH F. COCHRANE, Appellant, *v.* WILLIAM H. TRACY and Others, Constituting the Common Council of the City of Rochester, New York, and THE CITY OF ROCHESTER, Respondents.

*Rochester — the assistant overseer of the poor, who is also an exempt fireman, is not protected from arbitrary removal — the position is one of trust and confidence — the remedy of an exempt fireman for a wrongful removal from office is by action.*

An assistant overseer of the poor of the city of Rochester is, under the provisions of the charter of that city, "a deputy" within the meaning of the exception contained in chapter 119 of the Laws of 1888, as amended by chapter 184 of the Laws of 1898, which statute, after providing that no person holding a position by appointment in a city "who shall have served the term required by law in the volunteer fire department of any city * * * shall be removed from such position except for cause shown after a hearing had," further provides that nothing therein "shall be construed to apply to the position of private secretary or chief clerk or deputy of any official or department."

An incumbent of that office who has served the time required by law in the volunteer fire department of the city of Rochester, and was appointed after a civil service examination, is consequently not protected from arbitrary removal by the provisions of that act.

Such a position is one of trust and confidence, and the provisions of the Constitution and of the statute pertaining to appointments and promotion in the civil service do not apply to it.

A resolution of the common council of that city, by which the appointment of the successor of such assistant overseer, as made by a committee of that body, is

declared to be made by the common council, with "the same force and effect
as though such appointment was made by this council," is effective as a removal
of the assistant overseer from the time of its passage.

The remedy by mandamus for a wrongful removal not having been extended to
exempt firemen, the remedy of such assistant overseer, if any, would be by
action and not by mandamus.

APPEAL by the relator, Joseph F. Cochrane, from an order of the
Supreme Court, made at the Monroe Special Term and entered in
the office of the clerk of the county of Monroe on the 25th day of
August, 1898, denying the relator's application for a writ of man-
damus commanding the defendants to recognize the relator as the
assistant overseer of the poor of the city of Rochester, and to rein-
state him in said position and to rescind its action in attempting to
remove him from such position.

The relator asked for a peremptory writ of mandamus directing
that the common council of the city of Rochester rescind its action
in attempting to remove him from the position of assistant overseer
of the poor and to recognize him as such assistant, and to pay him
his salary.    The court at Special Term denied the application.    It
appeared by the moving papers that the relator had served the time
required by law in the volunteer fire department of the city of
Rochester, and has been, since October 1, 1874, an exempt fireman
under the laws of this State; that in May, 1891, the relator was
appointed by the common council of the city of Rochester (who
had the power of appointment) to the position of assistant overseer
of the poor, with a salary of seventy-five dollars per month, which
they afterwards raised to eighty-three dollars and thirty-three cents,
and that such appointment was for no definite term, and was made
after the passing of a civil service examination by the relator and
due certification thereof in conformity with the laws of the State
and the rules of the Civil Service Commission ; that the relator per-
formed the duties of assistant overseer of the poor until April 19,
1898, on which date he was informed by the overseer of the poor
that he was "no longer upon his list," and that from that day he was
no longer given any work to do, although he reported for duty each
day up to the commencement of these proceedings ; that the com-
mon council appointed a committee known as the "poor committee;"
that that committee had reported on the fifteenth day of April that

one Peter B. Sheridan was appointed assistant overseer in the place of the relator, and that thereupon the common council passed a resolution upon the report of the committee for the relief and support of the poor, which report and resolution is as follows:

" *To the Honorable, the Common Council:*

" Gentlemen.— Your committee on support and relief of the poor beg leave to report that, pursuant to a resolution duly adopted by your honorable body on January 25th, the following appointments were made at the times stated therein below in the poor department: Peter Sheridan, assistant overseer, April 15th.   *   *   *

" Your committee further reports that a question has been raised as to the power of your honorable body to delegate the power of making said appointments to your committee, and it therefore recommends the adoption of the following resolution (the committee naming them):

" *Resolved,* that the appointment of Peter B. Sheridan,   *   *   * made by the committee on support and relief of the poor in the poor department, be and the same hereby are made by this council as of the dates mentioned in the foregoing report to the same force and effect as though said appointments were made by this council, and said appointments made by said committee are in all respects ratified and confirmed."

*William T. Plumb,* for the appellant.

*John F. Kinney, Corporation Counsel of Rochester,* for the respondents.

Ward, J.:

The appellant insists that he was never legally removed from his position as assistant overseer of the poor ; that the poor committee had no power to make the removal, and that a simple ratification of the acts of that committee by the common council did not effect such removal.   It may be questioned whether the attempt of the common council to remove the relator as of a time prior, being the time when the committee had designated, was effective, but it was effective as of the time of the ratification.   The effect of the resolution of the common council which has been set forth above was to make such removal; the committee had no power to make the

removal; that power rested in the common council. (*Powell* v. *Tuttle*, 3 N. Y. 396; *Birdsall* v. *Clark*, 73 id. 73; *Thompson* v. *Schermerhorn*, 6 id. 92.)

The appellant also claims that the relator, being an exempt fireman, was protected by the Civil Service Act from removal except for cause shown after a hearing had.

The law governing this matter is chapter 184 of the Laws of 1898 (amending chap. 119 of the Laws of 1888), which became a law March 31, 1898, which provides that:

" No person holding a position by appointment in any city or county of this State, or who may be hereafter appointed, receiving a salary from such city or county * * * who shall have served the term required by law in the volunteer fire department of any city, town or village in this State, or who shall have been a member thereof at the time of the disbandment of said volunteer fire department, shall be removed from such position except for cause shown after a hearing had. * * * Nothing in this act shall be construed to apply to the position of private secretary or chief clerk or *deputy* of any official or department, or to any other person holding a strictly confidential relation to the appointing officer."

The attempt of the learned counsel for the relator to distinguish between the duties of an assistant and a deputy of the overseer of the poor and thus relieve the relator from the exception specified in the statute quoted, cannot be sustained for the reason that the question seems to be settled against him by section 79 of the charter of the city of Rochester (Laws of 1880, chap. 14, as amended by chap. 743 of the Laws of 1897) which provides:

" The overseer of the poor of the city of Rochester, and in case of his absence or inability to act, *his deputy or assistant*, when appointed by the common council, shall have the power to administer an oath to and examine under oath any person applying to him for relief, and false swearing upon or at such examination shall be deemed wilful perjury. He, and in case of his absence or inability to act, *said deputy or assistant*, shall have the same power to institute and settle cases of bastardy as are now or hereafter may be conferred upon the superintendents of the poor of a county, and shall possess all the powers and authority of the overseers of the poor in towns."

The statute thus confers the same power upon the deputy as upon the assistant, and *vice versa*, and it is immaterial which designation is given to this officer as the duties are the same. And we concur in the views expressed by the learned judge at the Special Term, "that the assistant overseer of the poor department is a deputy within the meaning of said act, and the position is one of trust and confidence." And that the provisions of the Constitution and of the statutes pertaining to appointments and promotions in the civil service do not apply to the office in question. (Citing *Chittenden* v. *Wurster*, 152 N. Y. 345; *People ex rel. Crummey* v. *Palmer*, Id. 217.)

Another difficulty lies in the way of the appellant. It seems to have been held by courts in this State that the remedy in such cases is not by mandamus but by the more deliberate proceeding of an action. (*People ex rel. Hoffman* v. *Rupp*, 90 Hun, 145; *People ex rel. Wren* v. *Goetting*, 133 N. Y. 569; *People ex rel. Lewis* v. *Brush*, 146 id. 60.)

The Legislature, however, in chapter 821 of the Laws of 1896 (amending chap. 312 of the Laws of 1884) has granted to the Union soldier, sailor or marine the remedy by mandamus as well as by action, but the remedy by mandamus has not been extended to exempt firemen.

The writ of mandamus should be dismissed, but as the question is somewhat novel, without costs.

All concurred.

Writ of mandamus dismissed, without costs to either party.