(63 App. Div. 243.)

PEOPLE ex rel. MESICK v. SCANNELL, Fire Com'r, et al.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

1. MUNICIPAL OFFICER—APPOINTMENT—VETERANS—MANDAMUS.
    The fact that a municipal office to which a veteran is entitled has been filled by another is no defense to a mandamus proceeding by the veteran to enforce his right thereto.

2. SAME—PARTIES.
    A permanent, but not a temporary, appointee of an office to which a veteran is entitled, is a necessary party to a mandamus proceeding by the latter to enforce such right.

3. SAME.
    A veteran on the eligible list for appointment as foreman of the New York fire department shops, and entitled to a preference under the constitution and statutes, but whose fitness therefor has not been determined by the civil service commission, is only entitled to such appointment over an applicant on the eligible list who is not a veteran when of equal or superior fitness therefor, which is to be determined by the fire commissioner, as the appointing power.

4. SAME.
    Such veteran, in case of vacancy, is only entitled to a mandamus to compel the fire commissioner to make an application for an eligible list from which to make the appointment, or call for an examination of an employé of the department for a transfer, but not to control the discretion of the officer in making the appointment.

Appeal from trial term, New York county.

Mandamus by the people, on relation of William H. Mesick, against John J. Scannell, fire commissioner of New York City, and others. From a judgment dismissing the alternative writ, relator appeals. Affirmed.

On the 28th day of April, 1897, the foreman of repair shops of the New York fire department resigned his position. The place was not filled, except by temporary appointments, until after the commencement of this proceeding. There were employed in said repair shop about 79 men, consisting chiefly of machinists, blacksmiths, steam fitters, coppersmiths, hose repairers, painters, wheelwrights, harness makers, and their assistants. Thirty-one of the positions are classified as ironworkers, and eight as woodworkers. Five of the woodworkers are wheelwrights, and three carpenters. The relator is a wheelwright, and had been employed in this shop as such for several years, and presumably that employment continues. The repair shops are in charge of an officer of the uniformed force called "Chief of Construction and Repairs to Apparatus." Under him is the foreman of the repair shops, and under the latter are several foremen of their respective trades and the workmen. The relator is an honorably discharged soldier of the Civil War. On the 14th day of March, 1898, while the position of foreman of the repair shops was still filled by temporary appointment, the relator filed with the municipal civil service commission an application for the position of foreman of such repair shops. Without his being responsible for the delay, he was not examined on the application until the 24th day of January,

1899. The examination was limited to relator's physical capacity, and he passed satisfactorily, and was placed on the eligible list for appointment to the position of foreman. By filing another application on the 20th day of July, 1899, and subsequently passing another similar examination, he preserved his right to remain on the eligible list. The position of foreman of shops and all subordinate positions are classified in Schedule G, known as the "Labor Schedule." It was not the practice to hold a separate examination for the position of foreman of any particular branch of the service, but in the appendix to Schedule G, under the general classification "Foreman of Laborers," were included foremen in all branches. The relator was placed seventh on the eligible list of foremen, the names of six other veterans being placed ahead of his; but it appears that his application was filed prior to all the others, except one which was filed the same day. Under section 17 of the state civil service law, and municipal civil service rules 62 and 63, his name should have been placed first or second on the list. The relator, however, is the only one of these veterans who applied to the municipal civil service commission to be examined for this particular position. The relator demanded that the fire commissioner apply to the municipal civil service commission for an eligible list for the position in question. This proceeding was commenced on the 22d day of July, 1899, to compel the fire commissioner to make requisition on the municipal civil service commission to certify to him the name of the relator as the only person on the eligible list qualified for the place in question, and to compel the municipal civil service commission to so certify, and to compel the fire commissioner to thereupon appoint the relator foreman of repair shops. When this proceeding was commenced, Edward J. Moore, who had been employed in the shops as a machinist for 12 years, was acting as foreman temporarily. He was not a veteran, and had not made a formal application to the municipal civil service commission to be examined for the position. After the commencement of this proceeding the fire commissioner requested the municipal civil service commission to examine Moore for permanent appointment. He passed the examination, and was formally appointed foreman of the repair shops on the 18th day of October, 1899. Rule 67 of the municipal civil service rules, which relates to transfers from one position in Schedule G to another, prohibits such transfer until after the applicant has served one year, and provides that such transfer shall then be made only upon his passing an examination equivalent to that required for the position to which he is transferred. When the relator first applied to the civil service commission he demanded an examination for a transfer under this rule; but on being informed that it was the custom of the commission, although there was no rule to that effect, to make such examination only on the request of the appointing power, he filed an original application, the same as if he were not employed in a position classified in the same schedule. It does not appear whether either Moore or the relator passed a civil service examination, or any examination, at the time of their original employment in these shops.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Seaman Miller, for appellant.
William B. Crowell, for respondent.

LAUGHLIN, J. Where a veteran is deprived of any right to preference in appointment or promotion, the statute now gives him a remedy by mandamus, and it is no longer an answer to show that his position has been filled by the appointment of another. Section 20, c. 370, Laws 1899; People v. Tracy, 35 App. Div. 265, 269, 54 N. Y. Supp. 1070; People v. Dalton, 158 N. Y. 204, 213, 52 N. E. 1119. It is necessary in such cases, however, to make the incumbent a party, in order that he may have his day in court. People v. Wendell, 57 Hun, 362, 10 N. Y. Supp. 587; People v. Board of Trustees of Vil-

lage of Ballston Spa, 19 App. Div. 567, 46 N. Y. Supp. 564. When this proceeding was instituted, Moore's appointment being temporary only, it was doubtless unnecessary to make him a party, for he could not hold the office longer than until a permanent appointment was made. A final order for a peremptory writ of mandamus in accordance with the alternative writ would not have been warranted. The effect of awarding such an order, in these circumstances, would be to make the municipal civil service commission the appointing power, and to deprive the fire commissioner, in whom the statute has vested the power of appointment, of the exercise of any judgment or discretion. This would be an invasion of his constitutional rights, and would be in violation of the fundamental law. People v. Mosher, 163 N. Y. 32, 57 N. E. 88; People v. Rupp, 90 Hun, 145, 35 N. Y. Supp. 349, 749. The relator is undoubtedly an experienced, competent wheelwright, and is physically able to perform the duties of foreman of repair shops. It does not follow, however, that he is either competent, or as competent as Moore, to take charge of this large number of men, and to direct and superintend the important work performed in these shops, requiring skill and experience in various trades. Manifestly, it was not the intention of the framers of the civil service article of the constitution, or of the legislature in enacting laws to carry the same into effect, to compel the promotion of a veteran without regard to his fitness, mentally and by experience, for the office. He is entitled to preference only when he is fitted for the office, and his fitness is to be determined by the appointing power, and not by the court, at least where, as here, it has not been determined by the civil service commission. People v. Mosher, supra; In re Keymer, 148 N. Y. 219, 42 N. E. 667; People v. Alms-House Com'rs, 65 Hun, 169, 20 N. Y. Supp. 21; People v. Wendell, 57 Hun, 362, 10 N. Y. Supp. 587; People v. Village of Saratoga Springs, 54 Hun, 16, 7 N. Y. Supp. 125; People v. Summers, 30 N. Y. St. Rep. 614, 9 N. Y. Supp. 700; People v. Village of Little Falls, 29 N. Y. St. Rep. 723, 8 N. Y. Supp. 512, 960; Walsh v. City of Albany, 32 App. Div. 128, 52 N. Y. Supp. 936; Carmody v. City of Mt. Vernon, 3 App. Div. 347, 38 N. Y. Supp. 314. The statute, while providing, in cases where a veteran is removed from office, that the burden is on the official to show just cause for such removal, contains no provision with reference to the burden of proof in a case like this. The burden, therefore, must rest on the party who makes application to the court to show that his constitutional or statutory rights have been disregarded. It was therefore incumbent upon the relator, before being entitled to the peremptory writ as prayed for, to show that he was entitled to the office of foreman of repair shops, as matter of right. This, as we have shown, he failed to do. Cases cited. He has not even alleged fitness, but has proceeded upon the erroneous theory that being on the eligible list gave him an absolute right to the office. The prayer of his petition and the alternative writ were too broad. Undoubtedly the office should have been filled from a civil service list if a new man were to be appointed; but it would seem that the appointing power, being restricted by no rule or regulation, had

the right either to call upon the municipal commission for an eligible list, or to call for an examination of an employé of the department for the purpose of making a transfer under rule 67. The fire commissioner could have been compelled by mandamus to make a permanent appointment, and to that end he could have been directed to perform his duty of either making an application for a transfer under rule 67, or for an eligible list from which to make the appointment. Had the prayer for relief been limited to these things, or had the relator requested the court to amend the alternative writ, a peremptory writ might have been issued. If this had been done, it would have been the duty of the commissioner to have certified the relator to the fire commissioner for appointment. He would then have been regularly before the commissioner, and entitled to have his qualifications and his right to preference properly considered, under the law. But inasmuch as he was not entitled to the office as a matter of right, regardless of fitness, it must be presumed that the fire commissioner has acted in good faith in proceeding under rule 67, terminating the vacancy by the appointment of Moore.

In our opinion, therefore, the learned trial judge properly dismissed the writ, and the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ., concur. INGRAHAM, J., concurs in result.