PEOPLE ex rel. COOKE v. STEWART, Superintendent of Buildings.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. MANDAMUS—APPLICATION—PARTIES—ENFORCEMENT OF BUILDING LAW.

An alternative writ of mandamus will not issue to compel the superintendent of buildings to enforce the provisions of Building Code, § 105, requiring the use by builders of fireproof materials in certain instances, where the buildings alleged to violate the section are substantially completed, and the owners are not made parties to the proceeding and given an opportunity to be heard. Per McLaughlin and O'Brien, JJ.

Appeal from special term, New York county.

Application for an alternative writ of mandamus by the people, on the relation of Charles L. Cooke, against Perez M. Stewart, superintendent of buildings for the borough of Manhattan of the city of New York. Order denying motion for the writ, and relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Austin E. Pressinger, for appellant.
Matthew C. Fleming, for respondent.

McLAUGHLIN, J. The relator, a resident and citizen in the borough of Manhattan in the city of New York, applied to the court for an alternative writ of mandamus to compel the defendant, as the superintendent of buildings of such borough, to enforce the provisions of section 105 of the Building Code, and take such action as might be necessary to prevent the violation thereof in the construction of three buildings specified, which were the St. Regis Hotel, the Hanover National Bank Building, and the Lord's Court Building, which were, at the time the petition was made, new buildings, which had then been substantially completed, or were in the process of construction. The section of the Building Code referred to provides that when the height of a fireproof building exceeds 12 stories, or more than 150 feet, the floor surface shall be of stone, cement, rock, asphalt, tiling, or similar incombustible materials; that the sleepers and floors may be of wood treated by some process approved by the board of buildings (the powers and duties of the board of buildings has been conferred upon the superintendent of buildings by section 408 of the charter of the city of New York), so as to render the same fireproof; that all outside window frames shall be of metal, or wood covered with metal; that the inside window frames, doors, trim, and other interior finish may be of wood either covered with metal, or else treated by some process which will render the same fireproof; and that all the partitions shall be of fireproof material. The petition for the writ alleged, in substance, that prior to the commencement of the proceeding the owners

of the buildings referred to, who were not named or made parties to the proceeding, were respectively engaged in the erection of the buildings stated, each of which came within the provisions of the statute, in that they were more than 150 feet in height; that such owners had not complied wth the requirements of section 105 of the Building Code, in that "wood had been and is being used in the construction of bucks, sidings, and partitions, which has not been treated by some process to render the same fireproof; * * * that sleepers have been and are being used in the construction thereof which have not been treated by some process to render the same fireproof"; and that the respondent had due notice of these facts, notwithstanding which he had neglected and failed to discharge his duty in the premises. The return to the writ denied the material allegations of the petition, and especially the allegations to the effect that the construction of the buildings failed to comply with the provisions of the Building Code, and set forth facts, which, if true, constituted a perfect defense to the motion. The motion was denied, and from that order the relator has appealed.

The buildings referred to, as already stated, either were or had been substantially completed, and to have compelled the superintendent of buildings to do what the relator asked would work a material injury to, if not a substantial destruction of, the buildings themselves. It would certainly destroy property to a greater or less extent; and property cannot be destroyed, so far as I am aware, under any recognized rule of law, unless its owner has first been heard upon that subject. Here, as already said, the owners of the buildings were not made parties to the proceedings. What their answer would be to the effect that they had violated the Building Code in using materials in the construction of their respective buildings, we are unable to say, and the court ought not to interfere with their property rights by ordering the superintendent of buildings to remove any part of the materials used until the owners have first been heard. They are entitled to their day in court. People v. Common Council of Troy, 78 N. Y. 33, 34 Am. Rep. 500; In re Hilton Bridge Const. Co., 13 App. Div. 24, 43 N. Y. Supp. 99; People v. Wendell, 57 Hun, 362, 10 N. Y. Supp. 587.

It has been suggested, and it seems to have been the view entertained by the justice sitting at special term, that the action of the superintendent of buildings cannot be reviewed by the court, inasmuch as it appears from the return that he approved of the materials used, and that his act was a judicial one. I am unwilling to place my affirmance of this order upon that ground. The superintendent of buildings is a public officer, and, if he refused to act at all, or in such a way that the court could see that there was no justification for his act, I think his action could be reviewed, and that he could be compelled, in the one instance, to act, and, in the other, to refrain from acting. It is, however, unnecessary for the court at this time to pass upon this question, inasmuch as its determination is not necessarily involved in the disposition to be made of the appeal. It is also suggested that the relator does not show that he has sufficient interest in the subject-matter of the proceeding to enable him to maintain it, but, in view of

the conclusion at which we have arrived, it is also unnecessary to pass upon this question. It is proper, however, to state that it does appear that the relator is a citizen and resident of the borough of Manhattan in the city of New York, where the violations of the statute are alleged to have and now are taking place, and this would seem to be sufficient to enable him to maintain a proceeding to compel a public official to perform his duty. People v. Supervisors of Sullivan Co., 56 N. Y. 249; People v. Common Council of City of Brooklyn, 77 N. Y. 511, 33 Am. Rep. 659; People v. Rice, 144 N. Y. 264, 39 N. E. 88. Upon the ground, therefore, that the owners of the buildings were not made parties to the action, I am in favor of an affirmance of this order, without considering or passing upon the other questions raised.

The order appealed from, therefore, must be affirmed, with $10 costs and disbursements.

O'BRIEN, J., concurs. LAUGHLIN, J., concurs in result.

VAN BRUNT, P. J. I concur in the result. I am also of the opinion that the plaintiff in this case has no standing in court. He is simply a resident and citizen of the borough of Manhattan in the city of New York, and has no greater interest in the subject-matter of this application than any other citizen of said city. It has been repeatedly held that departments cannot be set in motion upon the application of mere citizens who have no special interest in the subject-matter.

PATTERSON, J., concurs.