Garth, J.
INTRODUCTION
This case raises the issue of whether the City of Fall River is under a legal duty to remove fire escapes, exit stairs, landscaping, and decorative and retaining stone walls that extend from the Carr Osborn Condominium Complex onto June Street, a public way located in the City of Fall River (“City"). The fire escapes, exit stairs, landscaping, and decorative and retaining walls occupy, and are erected on, the east side of June Street reserved for its sidewalk. The plaintiffs maintain that these items constitute “obstructions” that the defendants are required, by virtue of certain City ordinances, to remove. The plaintiffs also claim that, in violation of other City ordinances, these items constitute an “article or deposit” which “interfere[s] with the convenient use” of the street by travelers and that the condominium complex has erected a “structure extending into" a street. The complaint seeks relief in the nature of mandamus under G.L.c. 249, §5[1] compelling the defendants to enforce the City ordinances. More specifically, the complaint asks this Court to order “the removal of all landscaping, stone retaining walls, and extensions of buildings encroaching upon June Street from Walnut Street northerly to Maple Street.”
The named defendants do not include the owners of the property sought to be removed. The property apparently is common area of a condominium complex. The Complaint not only does not name the organization of unit owners as a party,[2] but it does not set forth any reason why that organization has not been joined as a party defendant. The name of the organization of unit owners does not appear to have been a mysteiy to the plaintiffs. According to the joint trial brief, prior to filing the instant Complaint, the plaintiffs had filed an application for criminal process against Robert Karam, the Carr Osborn House Partnership, and the Carr Osborn Estate Condominium Trust and its trustees alleging violation of some of the very same Cily ordinances at issue.[3]
On June 2, 1997, after reviewing the parties’ Joint Trial Brief,[4] this Court sua sponte raised the issue as to whether the organization of unit owners is needed for just adjudication. A hearing was held allowing the parties an opportunity to argue their position on this issue.[5] No motion for joinder has ever been filed by the defendants,[6] and the plaintiffs have never sought resolution of the status of the owners of the property which it was seeking to have removed.
The question now before this Court is whether the organization of unit owners must be joined as a party to this litigation. For the reasons set forth below, joinder is ordered.
DISCUSSION
Compulsory joinder is governed by Mass.R.Civ.P. 19. Rule 19(a) provides, as follows:
A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined the court shall order that he be made a party.
Mass.R.Civ.P. 19(a) (emphasis supplied). Mass.R.Civ.P. 19(c) states that, “A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivision (a) (l)-(2), who are not joined, and the reasons why they are not joined.”
*716 Rule 19 is unequivocal. If a plaintiff has failed to join a party who falls within the scope of Rule 19(a)(1) or (a)(2)(i) or (a)(2)(ii), that party must be joined if subject to service of process. The plaintiff proffers no reason why the organization of unit owners would not be subject to service of process.[7] The fact that the defendants have not sought joinder is not controlling. The Rule contemplates that a judge may sua sponte order joinder when needed for just adjudication.
The owners of the common area have a legally protected interest in the common area such that this case cannot be decided without prejudicing their rights. Their interest is not speculative, theoretical, or uncertain. Joinder of the organization of unit owners is necessary to protect them from the manifest injustice that would otherwise arise from any judgment ordering the removal of the condominium complex’s fire escapes, exit stairs, landscaping, and decorative and retaining stone walls. As a practical matter, the organization of unit owners is so situated that the disposition of this action may impair or impede its ability to protect the unit owners’ interest in the common areas. Cf. Bauer v. Mitchell, 247 Mass. 522, 526 (1924) (where property interests of one person are sought to be affected by a proceeding, the person must be made a party to the proceeding).
Plaintiffs’ argument that, even if this action may, as a practical matter, impair or impede the unit owners’ ability to protect their interest in the common area, they nevertheless need not be joined because Rule 19 is inapplicable to a mandamus action is wholly lacking in logic and case law support. The Massachusetts Rules of Civil Procedure abolished the writ of mandamus. Mass.R.Civ.P. 81(b). Accordingly, the procedure to be followed in an action seeking mandamus relief is that prescribed by the Rules of Civil Procedure. Urban Transport Inc. v. Mayor of Boston, 373 Mass. 693, 698 (1977) (“Despite the abolition of this writ, the relief once provided under this ancient writ is still available if sought by complaint and summons”). Nothing in the language or purpose of Rule 19 suggests that this rule does not control a complaint seeking to enforce the performance of official duties. Cf. Lally v. Dorchester Div. of Dist. Court Dept., 26 Mass.App.Ct. 724, 729 (1988) (Rule 19(a) requires joinder of real parties in interest in certiorari actions even though the certiorari statute permitted, but did not require, such joinder because “there is no inconsistency between a statute permitting such joinder and a rule of court that requires it”). Several courts have held that when mandamus is invoked in a case relating to real property, persons having an interest in the property must be made parties to the proceeding. Mandamus, for example, will not lie to compel a municipal superintendent of buildings to enforce the provisions of a building code requiring the use of fireproof materials where the owners of the buildings have not been made parties. People ex rel. Cooke v. Stewart, 78 N.Y.S. 1054, 1055 (1902) (“the court ought not to interfere with . . . property rights by ordering the superintendent of buildings to remove any part of the materials used until the owners have first been heard”). Similarly, persons occupying a street under a contract with a city are necessary parties to a mandamus proceeding by abutting property owners to compel city authorities to open the street and remove obstructions therefrom. Gibbs v. Ashford, 66 S.W. 858, 859 (Tex. Civ. App. 1902) (“we cannot. . . order the city council to disturb their possession without giving them their day in court”). See also Louisiana ex rel. Wanner v. Fitzgerald, 163 So. 2d 819, 822 (La. App. 1964) (owners of a tax title are necessaiy parties to a mandamus proceeding to compel cancellation of a tax sale by sheriff, tax collector, and assessor because ”no one should be condemned without a hearing”); People v. Bloomington, 38 Ill. App. 125 (1890) (writ of mandamus seeking to compel the mayor and city council to remove certain alleged obstructions from a city street properly denied when the persons claiming ownership of the disputed property have not been heard).[8]
Wholly apart from the fact that the owners of the affected property are so situated that the disposition of this action in their absence may, as a practical matter, impair or impede their ability to protect that interest, the absence of the organization of emit owners in this litigation may leave the defendants “subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations . . .” Mass.R.Civ.P. 19(a)(2)(ii). This subsection is designed to avoid unnecessary or multiple litigation. Were this Court to find in favor of the plaintiffs and order the defendants to enforce City ordinances by removing property physically attached or adjacent to the condominium building, the owners of the property presumably would protest vigorously and, inevitably, that protest would take the form of a law suit contending that the fire escapes, exit stairs, and stonewalls are not in violation of the City ordinances, and, alternatively, that even if they were, equity demands that the drastic remedy of removal not be utilized. Such a suit would subject the defendants to a new trial on the identical issues as it would be unjust to bind property owners not a party to the mandamus action to an order that their property be removed. The legal owners of the common area stand in quite different shoes from an abutter who is not permitted to relitigate issues decided in a mandamus action between a landowner and building inspector. Morganelli v. Building Inspector, 7 Mass.App.Ct. 475, 487 (1979) (in weighing the factors which led the Court to rule that an abutter is bound by the prior mandamus action, the Court deemed “most important the limited nature of the [abutter’s] interest”).
While the Court recognizes that the plaintiffs are anxious to resolve this matter, the delay that will be occasioned by joinder at this stage is the direct result of their own failure to comply with the requirements of Rule 19. By not joining the organization of unit owners or setting forth in their complaint, as required *717 by Rule 19(c), the reasons why it was not joined, the plaintiffs assumed the risk that this court would sua sponte order joinder.[9] For this reason, “the prudent attorney will bring the joinder question to the court’s attention at the earliest possible time.” James W. Smith & Hiller B. Zobel, Rules Practice §19.6, at 36 (1975). ' '
ORDER
It is hereby ORDERED that the plaintiffs forthwith join the organization of unit owners of the Carr Osborn Condominium as a party defendant in this action. It is further ORDERED that counsel for all parties shall appear for a status conference on July 21, 1997, at 9:00 a.m.

 Pursuant to G.L.c. 249, §5, “[a] civil action to obtain relief formerly available by writ of mandamus may be brought in the . . . superior court.”

 G.L.c. 183A, § 10(b) (4) provides that the corporation, trust or association provided for in the master deed for the management and regulation of the condominium shall be subject to suit as to any course of action involving the common areas and Section 13 of the same statute provides that all claims involving the common areas shall be brought against the organization of unit owners.

 Following a show-cause hearing, the Court refused to issue a criminal complaint.

 Trial was scheduled to commence on June 3, 1997.

 The parties also were afforded the opportunity to file memoranda of law on the joinder issue. They have chosen not to do so.

 At the hearing, counsel for defendants advised the Court that, following a lobby conference, the City had informally requested that the condominium trust intervene as a party defendant: the trust declined.

 Even if the organization of unit owners were to be deemed not governed, for purposes of a mandamus action, by G.L.c. 183A, §§ 10(b)(4) and 13, the unit owners themselves would be subject to suit.

 In other mandamus contexts as well, courts have required the joinder of persons needed for just adjudication. For example, in a mandamus action seeking to compel a judge to recall an execution issued on a judgment, the judgment creditor has been held to be a necessary party defendant. California Cotton Credit Corp. v. Superior Court, 10 P.2d 176, 177 (Cal. App. 1932) (mandamus will not lie where it appears upon the face of the petition or the face of the record that a necessary party, or a party whose interests are directly affected, has been omitted). See also Ahern v. Baker, 366 P.2d 366 (Colo. 1961) (liquor dealers against whom the petitioner sought to compel the licensing authority to take punitive action are necessary and indispensable parties); Louisiana ex rel. Gremellion v. Mississippi River Bridge Authority, 131 So. 2d 312, 315 (La.App. 1961) (toll-bridge authority bondholders held to be indispensable parties to a proceeding to compel the toll bridge authority to grant military personnel free passage over a bridge).

 The plaintiffs also took the risk that the defendants, late in the litigation, would seek to have the owners joined as defendants. Mass.R.Civ.P. 12(h)(2) permits the defense of failure to join a party indispensable under Rule 19 to be made at the trial on the merits.